Sonja S. Weissman (SBN 154320)
Dana A. Blanton (SBN 232373)
REED SMITH LLP
1999 Harrison St., Suite 2400
Oakland, CA 94612
Telephone:    510.763.2000
Facsimile:    510.273.8832
Email: sweissman@reedsmith.com;
dblanton@reedsmith.com

Michael K. Brown (SBN 104252)
Ginger Heyman Pigott (SBN 162908)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone:    213.457.8000
Facsimile:    213.457.8080
Email: mkbrown@reedsmith.com;
gheyman@reedsmith.com

Attorneys for Defendant
Medtronic, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENEANE BAQUE, *et al.*,<br><br>        Plaintiffs,<br><br>vs.<br><br>MEDTRONIC, INC.,<br><br>        Defendants. | No.: 3:07-cv-5352-WHL<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION ON PENDING MOTIONS FOR TRANSFER**<br><br>Hearing Date:    January 10, 2008<br>Time:    8:00 a.m.<br>Courtroom:    Courtroom 9, 19th Fl.<br>Compl. Filed:    October 19, 2007<br>Trial Date:    None Set<br><br>Honorable William H. Alsup |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 10, 2008 at 8:00 a.m. or as soon as the matter can be heard, in Courtroom 9 of the United States District Court for the Northern District of California, defendant Medtronic, Inc. ("Medtronic") will and hereby does move for a stay of all proceedings pending the decision by the Judicial Panel on Multidistrict Litigation on pending motions for transfer. This motion is made on the grounds that a stay of proceedings in this case is necessary and appropriate to achieve the judicial economies which underlie 28 U.S.C. § 1407.

This Motion is based on this Notice, the Memorandum of Points and Authorities in Support of the Motion to Stay Proceedings Pending Decision by the Judicial Panel on Multidistrict Litigation on Pending Motions for Transfer attached to and filed herewith, the Declaration of Dana A. Blanton in Support thereof, all papers filed in relation to defendants Medtronic's Motion, filed concurrently herewith, the complete files and records in this action, matters that may be judicially noticed, and any oral or documentary evidence that may be presented at the hearing on this matter.

DATED: December 3, 2007

                REED SMITH LLP

                By /s/ Dana A. Blanton
                Sonja S. Weissman
                Dana A. Blanton
                Attorneys for Defendant
                Medtronic, Inc.

## I. INTRODUCTION

Defendant Medtronic, Inc. ("Medtronic") moves this Court to stay all proceedings in this action pending the Judicial Panel for Multidistrict Litigation's decision on pending motions to transfer and coordinate or consolidate under 28 U.S.C. § 1407.  On October 17, 2007, plaintiffs in two separate actions filed motions with the Panel to create an MDL.  In addition, plaintiffs in three other actions have filed briefs with the MDL Panel expressing their believe that MDL formation is appropriate in this litigation.  In its response, Medtronic agreed that an MDL would promote the just and efficient conduct of this multidistrict litigation.  Medtronic anticipates that the Panel will hear oral argument on the unopposed motions in late January 2008, and to rule on the motions by the end of February 2008.  In the meantime, a short stay to allow the Panel to rule on the motions will promote judicial economy and potentially avoid duplicative efforts by the parties and conflicting pretrial rulings.  A brief stay will not prejudice plaintiff, whose case is in the earliest stages.  Accordingly, Medtronic respectfully requests that the Court exercise its discretion to institute a brief stay of proceedings while the Panel considers the MDL motions.  In the event the Court does grant Medtronic's request for a stay, counsel for Medtronic propose filing a status report every 30 days to update the Court of the status of the proceedings before the Panel.

## II. BACKGROUND

As this Court may be aware, motions have been filed (the "Pending JPML Motions") with the Judicial Panel on Multidistrict Litigation ("JPML") seeking to transfer to a single federal district court all of the cases that have been filed in federal courts nationwide that relate to defendant Medtronic, Inc.'s Sprint Fidelis leads. As a result, Medtronic, Inc. ("Medtronic") respectfully requests that this Court stay all deadlines currently pending in this action, until after a decision by the JPML on the Pending JPML Motions.

Plaintiff filed a complaint in this matter in the United States District Court for the Northern District of California on October 19, 2007, asserting various theories of relief against Medtronic in

connection with the alleged implantation of Sprint Fidelis cardiac-defibrillator leads manufactured and sold by Medtronic. Plaintiff's complaint is a putative class action. On October 19, 2007 and November 28, 2007, this Court entered orders setting forth deadlines to: (1) meet and confer regarding initial disclosures, early settlement, ADR process selection and discovery plan (due 1/8/2008); (2) file joint ADR certifications and stipulation to ADR Process (due 1/8/2008); and (3) file rule 26(f) report, initial disclosures, and file case management statement (due 1/17/2008). In addition, the Court set the Initial Case Management Conference for January 24, 2008.

Over two dozen actions alleging claims related to Sprint Fidelis leads, including several putative class actions, have now been filed in other District Courts around the country, including in the District of New Jersey, the District of Puerto Rico, the District of Minnesota, the Western District of Missouri, the District of Kansas, the Northern District of Iowa, the Eastern and Western Districts of Louisiana, District of North Dakota, Southern District of West Virginia, and the Southern District of Florida. *See* Declaration of Dana A. Blanton In Support Of Medtronic, Inc.'s Motion to Stay Proceedings ("Blanton Decl.") at ¶2. On October 17, 2007, plaintiffs in two of these actions filed motions before the JPML seeking transfer for coordination or consolidation pursuant to 28 U.S.C. § 1407(a). *See* Motion of Plaintiffs Frederick Santitoro and Richard Kinney For Transfer and Consolidation of Related Actions Pursuant to 28 U.S.C. § 1407, filed on October 17, 2007 (Blanton Decl. at ¶4, Exh. A) and Motion To Transfer And Consolidate Pursuant to 28 U.S.C. § 1407, filed by Plaintiff David Wood on October 17, 2007 (Blanton Decl. at ¶5, Exh. B). A third plaintiff responded to these motions and agreed that transfer was appropriate, but asserted that the JPML should transfer the cases to the District of Minnesota. *See* Response of Plaintiff Rodney C. Kesti to Motions by Plaintiffs Santitoro, Kinney and Wood to Transfer and Coordinate Actions in the Above Litigation. (Blanton Decl. at ¶6, Exh. C). A fourth group of plaintiffs has filed a third motion to create an MDL and seeks transfer to the Southern District of Florida. *See* Plaintiffs' [Linda White and Doug Venning] Motion For Transfer of Actions to the Southern District of Florida for Coordinated Proceedings Pursuant to 28 U.S.C. § 1407 (Blanton Decl. at ¶7, Exh. D). Medtronic also responded to the initial motions and agreed that transfer for coordination

or consolidation was appropriate. (Blanton Decl. at ¶3). Medtronic asserted that the JPML should transfer the cases to the District of Minnesota (Judge Kyle) or the Western District of Missouri (Judge Gaitan). (*Id.*). In addition, plaintiffs in *North, et al. v. Medtronic, Inc., et al.*, pending in the Southern District of Florida, filed a motion to join the motion of plaintiffs Santitoro and Richard Kinney for transfer and consolidation. (Blanton Decl. at ¶8, Exh. E).

Since the initial motions to transfer and coordinate were filed with the JPML, at least seven courts have issued stay orders, elicited by either motion or agreement of the parties, in Sprint Fidelis cases around the country. *See Luisi v. Medtronic, Inc., et al.*, Case No. 07-4250 (RHK) (D. Minn. Nov. 5, 2007) (Blanton Decl. at ¶9, Exh. F) (staying proceedings pending a decision on transfer by the JPML); *White v. Medtronic, Inc., et al.*, Case No. 07-4412 (RHK) (D. Minn. Nov. 7, 2007) (same) (Blanton Decl. at ¶10, Exh. G); *Noonan v. Medtronic, Inc., et al.*, Case No. 07-4528 (D. Minn. Nov. 14, 2007) (same) (Blanton Decl. at ¶11, Exh. H); *Barrick v. Medtronic Worldwide Headquarters, et al.*, Case No. 3:07-4393 (MLC) (D.N.J., Nov. 19, 2007) (same) (Blanton Decl. at ¶12, Exh. I); *Alexander v. Medtronic, Inc.*, Case No. 07-4519 (DWF) (D. Minn. Nov. 27, 2007) (same) (Blanton Decl. at ¶13, Exh. J); *Brown v. Medtronic, Inc., et al.*, Case No. 07-2542 (CM) (D. Kan. Nov. 29, 2007) (same) (Blanton Decl. at ¶14, Exh. K); *McNabb v. Medtronic USA, Inc.*, Case No. 07-0494 (DW) (W.D. Mo. Nov. 29, 2007) (same) (Blanton Decl. at ¶15, Exh. L). In one additional case, *Russell-Nelson, et al. v. Medtronic, Inc., et al.*, Case No. 07-1969 (GAG) (D.P.R. Nov. 13, 2007), the District Court in Puerto Rico denied Medtronic's motion for a stay without prejudice to Medtronic's ability to renew its request on December 15, 2007 if the Panel by that date had not yet disposed of the MDL Motions. (Blanton Decl. at ¶16, Exh. M). The District Court expressly stated in its Order in that case that Medtronic "need not do anything" in the interim, effectively granting Medtronic at least a temporary stay. (*Id.*).

III.     **ARGUMENT**

In light of the Pending JPML Motions, Medtronic respectfully requests that the Court stay or continue all scheduled hearings and all pending deadlines for service of discovery or automatic

disclosures under Fed. R. Civ. P. 26, until after the Pending MDL Motions are decided by the JPML.

To the extent that the JPML ultimately determines that transfer is warranted, such a limited stay and continuance is necessary to achieve the purposes of 28 U.S.C. § 1407—the promotion of the just and efficient administration of the litigation.  Absent a stay and continuance, this Court could well be required to invest a great deal of time and resources in the supervision of discovery matters and other pretrial proceedings, even though the Court may lose jurisdiction over this matter when the Panel decides the Pending JPML Motions.  Moreover, the granting of a stay and continuance here for a short period of time to permit the JPML to rule would impose no real prejudice on the plaintiff.

It is well-settled that "[a] district court has the inherent power to stay its proceedings. This power to stay 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)).  *Accord, e.g., Republic of Venezuela v. Philip Morris Companies, Inc.*, 1999 WL 33911677 (S.D. Fla. 1999) (citing *Landis*).  Consistent with this principle, courts routinely exercise their inherent power to stay actions where, as here, motions to transfer and consolidate are pending before the MDL Panel.  *See, e.g., Rivers*, 980 F. Supp. at 1362 ("it appears that a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel") (citations omitted); 15 WRIGHT, MILLER, & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3866.1 ("district courts often will exercise their discretionary power to stay the proceedings before them with regard to a variety of matters pending a decision by the Panel regarding the transfer of a case, especially when such a stay would further the policies of judicial economy, efficiency, and consistency that are deeply embedded in the federal multidistrict litigation statute"); see also MULTIDISTRICT LITIGATION MANUAL, § 3:15 ("District courts  have . . . readily stayed proceedings

pending a Panel decision"); MANUAL FOR COMPLEX LITIGATION, FOURTH, 22.35 ("A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well"); *accord Aetna U.S. Healthcare, Inc. v. Aktiengesellschaft*, 48 F. Supp.2d 37, 43 (D.D.C. 1999) (granting defendant's motion to stay the case "pending resolution by the Judicial Panel on Multidistrict Litigation of defendants' motion to consolidate and transfer this and other related cases" because,"[g]iven the potential for common and overlapping issues in many of these cases, . . . such a stay would further judicial economy and eliminate the potential for conflicting pretrial rulings were the case ultimately transferred"); *Bullard v. American Airlines*, 929 F. Supp. 1284, 1286-87 (W.D. Mo. 1996) ("[i]n light of" the filing of "a motion with the Judicial Panel for Multidistrict Litigation to consolidate all actions arising out of" the plane crash at issue, "the Court will stay ruling on the motion to dismiss pending the ruling on the motion to consolidate"); *Republic of Venezuela*, 1999 WL 33911677, at * 1-2 ("granting a stay pending the JPML's decision of the Motion to Transfer and Consolidate").

Medtronic respectfully submits that such a stay and continuance pending the Panel's decision on the Pending JPML Motions would promote judicial economy here. To quote the Northern District of Texas, "[i]f the MDL motion is granted, all of [this] Court's time, energy, and acquired knowledge regarding this action and its pretrial procedures will be wasted." *U.S. Bank v. Royal Indem. Co.*, No. Civ. A. 3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002).  It would be highly inefficient for this Court to expend time and resources "familiarizing itself with the intricacies of a case" that could well "be heard by another judge." *Rivers*, 980 F. Supp. at 1360.  Indeed, "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the litigation" if the JPML grants the Pending JPML Motions. *Id.* at 1360-61.[1]

---

[1] A stay also promotes judicial efficiency by eliminating the potential that the parties and the MDL court could be burdened with conflicting pretrial rulings. *See Aetna U.S. Healthcare*, 48 F. Supp. 2d  at 43.  When cases proceed in
Continued on following page

DEFENDANT MEDTRONIC, INC.'S MOTION TO STAY PROCEEDINGS

Moreover, plaintiff can show no real prejudice from the entry of a short continuance and stay under the circumstances presented here. The stay and continuance sought by Medtronic would be in effect only until the JPML issues its decision; this action is still in its early stages; and plaintiff's claims here will not be harmed if discovery or other pretrial activities are delayed for a short period of time to allow the JPML to act. *See., e.g., Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, Civ. A. No. 90-4378, 1991 WL 13725, at *1 (D.N.J. Feb. 4, 1991) ("[E]ven if a temporary stay can be characterized as a delay prejudicial to plaintiff, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay.")

Although plaintiff's counsel in this case has not consented to this motion, they have not asserted—and could not establish—that plaintiff would suffer any meaningful prejudice if the stay and continuance are granted. (Blanton Decl. at ¶¶17, 18). Just as in *Rivers*, "since it would serve the interests of judicial economy and because there is no evidence that it would prejudice [the non-movant], it is appropriate for this Court to grant [the] motion to stay pending a MDL Panel decision regarding consolidation." 980 F. Supp. at 1362. "[S]uch a stay would further judicial economy and eliminate the potential for conflicting pretrial rulings were the case ultimately transferred." *Aetna U.S. Healthcare*, 48 F. Supp.2d at 43.

## IV. **CONCLUSION**

WHEREFORE, Medtronic requests that this Court enter an order staying or continuing all scheduled hearings and all pending deadlines for service of discovery or automatic disclosures under Fed. R. Civ. P. 26, until after the Pending MDL Motions are decided by the JPML. In order to keep the Court fully apprised of the status of the motions before the JPML during such a stay, counsel for Medtronic proposes filing monthly reports updating the Court regarding those

---

Continued from previous page

different District Courts pending the Panel's decision to transfer the cases to a single judge, those courts not only duplicate each other's work, but also create the potential for inconsistent pretrial orders or rulings on similar pretrial motions. If the cases are transferred by the JPML, the MDL judge must thereafter address those inconsistent pretrial rulings.

1 | proceedings.

DATED:  December 3, 2007.

REED SMITH LLP

By    /s/ Dana A. Blanton
       Sonja S. Weissman
       Dana A. Blanton
       Attorney for Defendant
       Medtronic, Inc.

DOCSOAK-9891454.5

- 8 -
DEFENDANT MEDTRONIC, INC.'S MOTION TO STAY PROCEEDINGS