# EXHIBIT A

RECEIVED
CLERK'S OFFICE

2007 OCT 17 A 8: 43

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| In re MEDTRONIC SPRINT FIDELIS LEADS PRODUCTS LIABILITY LITIGATION | MDL Docket No. _____ |

MOTION OF PLAINTIFFS FREDERICK SANTITORO AND RICHARD KINNEY FOR
TRANSFER AND CONSOLIDATION OF RELATED ACTIONS
PURSUANT TO 28 U.S.C. § 1407

Pursuant to 28 U.S.C. §1407 and Rule 7.2 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation, Plaintiffs Frederick Santitoro and Richard Kinney ("Movants"), on behalf of themselves and all others similarly situated, hereby respectfully move the Judicial Panel on Multidistrict Litigation (the "Panel") for an order: (a) transferring the virtually identical putative class and other actions against Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co., Inc., (hereinafter collectively referred to as "Medtronic"), pending before the District of Puerto Rico and the District of Minnesota, as well as any other cases that may subsequently be filed asserting similar or related claims, to a single United States district court; and (b) centralizing those actions for coordinated pretrial proceedings.

In support of the transfer and coordination of the actions, Movants aver the following, as more fully set forth in the accompanying supporting Memorandum:



EXHIBIT
A

1.  Movants are the plaintiffs in *Santitoro v. Medtronic, Inc.*, Case No. 07-cv-01972-JAG (the "*Santitoro*" action). A copy of Movants' Complaint is attached hereto as Exhibit A. The *Santitoro* action was filed on October 15, 2007. Plaintiffs assert that they had defective Medtronic Sprint Fidelis leads implanted with their implantable defibrillators, which failed. Plaintiffs also allege that the Sprint Fidelis leads, including the Sprint Fidelis leads currently implanted in Mr. Santitoro, require monitoring. Plaintiffs seek classwide injunctive and equitable relief, notice and damages as a result of Medtronic's negligence and misrepresentations in connection with the design, manufacture, promotion, distribution, and sale of the Sprint Fidelis leads.

2.  In addition to the *Santitoro* action, there are at least three other related actions asserting substantially similar claims and seeking almost identical relief have been initiated in the United States District Court for the District of Minnesota and the United States District Court for the District of Puerto Rico:

    a.  *Wood v. Medtronic, Inc.*, Case No. 07-cv-01971-JAG (D. P.R.) (the "*Wood*" action), was filed in the United States District Court for the District of Puerto Rico on October 16, 2007. A copy of the *Wood* Complaint is attached hereto as Exhibit B.

    b.  *Luisi v. Medtronic, Inc.*, Case No. 07-cv-04250-RHK-JSM (D. Minn.) (the "*Luisi*"action) was filed in the United Stated District Court for the District of Minnesota on October 15, 2007. A copy of the *Luisi* Complaint is attached hereto as Exhibit C.

2

c.  *Nelson v. Medtronic, Inc.*, Case No. 07-1969-JAG (D. P.R.) (the "*Nelson*"
action) was filed in the United States District Court for the District of
Puerto Rico on October 15, 2007.  A copy of the *Nelson* Complaint is
attached hereto as Exhibit D.

3.  The *Santitoro, Wood, Luisi* and *Nelson* actions allege virtually identical claims
under the laws of product liability, breach of warranty, negligence, and medical
monitoring, to name a few.

4.  As required by 28 U.S.C. §1407(a), the cases proposed for transfer and
coordination "involve one or more common questions of fact," inasmuch as they
are premised on virtually identical factual allegations with respect to Defendants'
conduct and the resulting harm to consumers, specifically, that Defendants
developed, manufactured, marketed, distributed, and sold more than 200,000
Sprint Fidelis lead systems which have resulted in numerous reports of failure, a
recall, and at least five deaths.

5.  The proposed transfer and coordination "will be for the convenience of parties and
witnesses and will promote the just and efficient conduct" of these actions.  28
U.S.C. §1407(a).  For example, one judge can establish a single case management
order for pretrial matters in the related actions which will allow all parties and
counsel to participate in conferences, hearings, depositions, document production,
other written discovery, and any other appropriate pre trial discovery without
unnecessary duplication of effort, expenditure of court and party resources, and
imposition on witnesses.  Coordination will also eliminate the risk of inadvertent

3

and potentially problematic inconsistent rulings on pretrial motions which may occur if the related actions remain uncoordinated and pending before different courts. Consequently, the savings in time and expense that will result from coordination will benefit the Plaintiffs, the Defendants, and the judicial system.

6. Additional complaints will undoubtedly be filed containing similar allegations against Defendants. As a result, recommending an appropriate forum at this time may be premature. Movants therefore reserve the right to supplement this Motion in the future to suggest an appropriate forum based on applicable factors including, but not limited to, the ultimate number and location of pending cases, the preference of the parties, the convenience of geographical locations, judicial experience of the potential transferee courts, the efficiency of the potential transferee courts' dockets, and whether a "center of gravity" exists for this litigation. Movants will supplement this Motion once it becomes clear that a particular forum satisfies these requirements.

7. This Motion is based on the Memorandum filed by Movants in support of this Motion, the pleadings and papers filed herein, and such other matters as may be presented to the Panel at the time of any hearing.[1]

---

[1] In compliance with Rule 5.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Movants have simultaneously delivered copies of this Motion and supporting papers to the Clerk of each district in which the related actions are pending. The cover letters to the clerks have been attached hereto as Exhibit E.

Dated:  October 17, 2007                    Respectfully submitted,


                                            Silvija A. Strikis

                                            Kellogg, Huber, Hansen, Todd, Evans &
                                            Figel, P.L.L.C.
                                            1615 M Street, N.W., Suite 400
                                            Washington, D.C. 20036-3209
                                            Tel:  (202) 326-7900

                                            John F. Nevares
                                            John F. Nevares & Associates, P.S.C.
                                            Caso Building
                                            1225 Ponce de Leon Avenue, Suite 1500
                                            San Juan, P.R. 00907-3944
                                            Tel:  (787) 722-9333

                                            Camilo K. Salas, III
                                            Salas & Co., LC
                                            650 Poydras Street, Suite 1660
                                            New Orleans, L.A. 70130
                                            Tel: (504) 799-3080

                                            Daniel E. Gustafson
                                            Gustafson Gluek P.L.L.C.
                                            650 Northstar East
                                            608 Second Avenue South
                                            Minneapolis, M.N. 55402
                                            Tel:  (612) 333-8844

                                            Elizabeth Cabraser
                                            Lieff, Cabraser, Heimann & Bernstein, L.L.P.
                                            275 Battery Street, 30th Floor
                                            San Francisco, C.A. 94111-3339
                                            Tel:  (415) 965-1000

                                            Wendy Fleishman
                                            Lieff, Cabraser, Heimann & Bernstein, L.L.P.
                                            780 Third Avenue, 48th Floor
                                            New York, N.Y. 10017
                                            Tel: (212) 355-9500

Seth R. Lesser
Locks Law Firm
457 Haddonfield Road, Suite 500
Cherry Hill, N.J. 08002
Tel: (856) 663-8200

Richard J. Arsenault
Neblett, Beard & Arsenault
2220 Bonaventure Court
P.O. Box 1190
Alexandria, L.A. 71309-1190
Tel: (800) 256-1050

Hunter J. Shkolnik
Rheingold, Valet, Rheingold, Shkolnik &
McCartney L.L.P.
113 East 37th Street
New York, NY 10016-3042
Tel: (212) 684-1880

Nicholas J. Drakulich
The Drakulich Firm, A Professional Law
Corporation
2727 Camino del Rio South, Suite 322
San Diego, C.A. 92018
Tel: (858) 755-5887

**Counsel for Plaintiffs Frederick Santitoro
and Richard Kinney**

6

RECEIVED
CLERK'S OFFICE

2007 OCT 17 A 8: 44

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In re MEDTRONIC SPRINT FIDELIS
LEADS PRODUCTS LIABILITY
LITIGATION

MDL Docket No. _____

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PLAINTIFFS FREDERICK
SANTITORO AND RICHARD KINNEY FOR TRANSFER AND CONSOLIDATION OF
RELATED ACTIONS PURSUANT TO 28 U.S.C. § 1407

Pursuant to 28 U.S.C. §1407 and Rule 7.2 of the Rules of Procedure for the Judicial Panel

on Multidistrict Litigation, Frederick Santitoro and Richard Kinney ("Movants"), Plaintiffs in

*Santitoro v. Medtronic, Inc.*, Case No. 07-cv-1972-JAG, on behalf of themselves and all others

similarly situated, submit this Memorandum of law supporting their Motion for Transfer and

Consolidation of All Related Actions. For the reasons stated below, Movants respectfully

request that the Judicial Panel on Multidistrict Litigation (the "Panel") enter an order transferring

all related actions to a single United States district court and centralizing those actions for

coordinated pretrial proceedings.

## I.     BACKGROUND

In March 2007, Defendant Medtronic, Inc. issued an advisory to physicians relating to

Sprint Fidelis leads developed and/or manufactured by Medtronic, Inc., with and through its

subsidiaries Medtronic Puerto Rico, Inc. and Medtronic Puerto Rico Operations Co., Inc.

(hereinafter collectively referred to as "Medtronic"). According to Medtronic, approximately

268,000 Sprint Fidelis lead systems have been sold and implanted in heart patients across the

nation and worldwide.

Medtronic's March 2007 advisory advised physicians of "the higher than expected

conductor fracture rates in . . . Sprint Fidelis leads." Medtronic stated that "variables within the

implant procedure may contribute significantly to these fractures," and suggested that the Sprint

Fidelis leads could "severely bend" or "kink" if they are implanted using certain accepted

implant techniques. Thereafter, on October 15, 2007, Medtronic recalled all non-implanted

Sprint Fidelis leads, citing issues with lead fractures that had apparently resulted in five deaths.

In light of this advisory, Movants, individually and on behalf of a proposed class, filed an

action in the District of Puerto Rico on October 16, 2007, against Medtronic alleging, among

other things, that Medtronic designed, manufactured, marketed, distributed, and/or sold Sprint

Fidelis leads that are defective, that Medtronic concealed knowledge of the defect for some

period before the March 2007 advisory and October 2007 recall, and that as a direct and

proximate result of the defective products being placed into the stream of commerce by

Medtronic, Movants and members of the class suffered and will continue to risk possible death,

severe injury, and disability including physical and mental pain and suffering, as well as

economic losses.

To date, three other related actions have been filed in the United States District Court for

the District of Puerto Rico and the United States District Court for the District of Minnesota.

The actions all name Medtronic as Defendants and assert substantially similar claims and seek

2

almost identical relief. The first such action is entitled *Wood v. Medtronic, Inc.*, Case No. 07-cv-01971-JAG (D. P.R.) (the "*Wood*" action). The second action is entitled *Luisi v. Medtronic, Inc.*, Case No. 07-cv-04250-RHK-JSM (D. Minn.) (the "*Luisi*" action). The third additional action is captioned *Nelson v. Medtronic, Inc.*, Case No. 07-1969-JAG (D. P.R.).

Transfer and coordination of these four actions is appropriate because they involve common factual questions, transfer will further the convenience of the parties and witnesses, and coordination will promote the just and efficient conduct of these actions.

## II.    ARGUMENT

### A.    Transfer of All Affected Medtronic Sprint Fidelis Lead Cases for Coordinated Pretrial Proceedings Will Further the Goals of Section 1407

Section 1407 authorizes the transfer of civil actions in different federal district courts to a single federal district court for coordinated or consolidated pretrial proceedings so long as this Panel determines that all the cases involve common questions of fact, and that the transfer will serve the convenience of the parties and witnesses, and will promote just and efficient litigation.[1]

The requirements for transfer under Section 1407 are satisfied here. The four related actions involve common questions of fact, including:

---

[1] Section 1407(a) provides in pertinent part:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the [J]udicial [P]anel on [M]ultidistrict [L]itigation authorized by this [S]ection upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

28 U.S.C. §1407.

3

1.   whether Medtronic's manufacturing of the Sprint Fidelis lead devices rendered the product defective;

2.   whether Medtronic was negligent in the way in which the Sprint Fidelis leads were manufactured;

3.   whether the Sprint Fidelis leads, which were designed, developed, manufactured, distributed, fabricated, supplied, advertised, promoted and/or sold by Medtronic had a defect(s);

4.   the nature of said defect(s);

5.   whether Medtronic conducted testing on the Sprint Fidelis leads necessary to determine their safety prior to selling and/or distributing them;

6.   whether said testing was adequate and responsible;

7.   whether Medtronic accurately reported said test results;

8.   whether Medtronic failed to provide adequate warnings concerning the Sprint Fidelis leads;

9.   whether the warnings, if any, given by Medtronic were reasonable in light of what Medtronic knew or should have known;

10.  whether Medtronic's failure to give adequate and timely warning of the dangers of the Sprint Fidelis leads constitutes negligence *per se*;

11.  whether Medtronic breached express or implied warranties in conjunction with the design, development, manufacture, fabrication, marketing, sale and/or distribution of the Sprint Fidelis leads;

4

12.    whether Medtronic concealed adverse information from Plaintiffs and the class regarding the testing and safety of the Sprint Fidelis leads;

13.    what steps, if any, Medtronic took to cure the defects in the Sprint Fidelis leads after Medtronic knew of the defects and of the injuries and risk associated with their use;

14.    whether Medtronic is strictly liable to those injured by the defective Sprint Fidelis leads;

15.    whether Medtronic's Sprint Fidelis leads were of merchantable quality and safe for their intended use;

16.    whether Medtronic made any express representations about the Sprint Fidelis leads;

17.    whether Medtronic's manufacturing process was negligent;

18.    whether Medtronic actively concealed the defects in the Sprint Fidelis leads and the risk of serious injury that could result; and

19.    what the proper mechanism is for assessing and awarding damages and administering other relief, including relief to reduce the threat of future harm.

Given the numerous common questions of fact and law involved in all of these cases, coordination is appropriate and will benefit all parties. In addition to significant financial savings, transfer and coordination will promote the convenience of the parties and efficiency during pretrial proceedings by eliminating duplicative discovery and the potential for inconsistent rulings, including determinations on class certification.

5

Generally, common questions are presumed "when two or more complaints assert comparable allegations against identical defendants base[d] on similar transactions and events." *In re Air West, Inc. Sec. Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1974); *see also In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 654-55 (J.P.M.L. 1981). All of the actions proposed for transfer and coordination allege nearly identical violations of law, including those of product liability, breach of warranty, negligence and emotional distress, by the same Defendants, and are based on the same underlying facts from the same time period.

Because common issues of fact and law are shared by all of the related cases, discovery and pretrial motion practice in each action will almost certainly be duplicated if the actions are not coordinated. Coordination will therefore avoid redundant and costly discovery proceedings, including repetitive motion practice and potentially conflicting discovery and other pre-trial rulings. *See In re First Nat'l Bank, Heavener, Okla. (First Mortgage Revenue Bonds) Sec. Litig.*, 451 F. Supp. 995, 997 (J.P.M.L. 1978) (transfer "necessary, even though only two actions are involved, in order to prevent duplicative pretrial proceedings and eliminate the possibility of inconsistent pretrial rulings"); *see also In re Multi Piece Rim Prod. Liab. Litig.*, 464 F. Supp. 969, 974 (J.P.M.L. 1979) (same).

Similarly, because these actions seek to represent the same or overlapping classes of persons who have been implanted with the same allegedly defective Sprint Fidelis lead systems, transfer for coordination will also help to avoid potential conflicting or inconsistent rulings on class certification issues. The transferee court is authorized to decide all class certification issues. *See In re Piper Aircraft Distrib. Sys. Antitrust Litig.*, 405 F. Supp. 1402, 1403-04 (J.P.M.L. 1975) ("As the Panel has held in several past litigations, matters concerning class

6

action certification should be included in the coordinated or consolidated pretrial proceedings in order to prevent inconsistent rulings and promote judicial efficiency."). Further, allowing the transferee court to make all decisions relating to class certification will eliminate any potential for conflicting rulings. *See In re Cement and Concrete Antitrust Litig.*, 437 F. Supp. 750, 752 (J.P.M.L. 1977) (transfer and consolidation are necessary to prevent inconsistent class certification rulings). For all the aforementioned reasons, transfer and coordination are appropriate and will promote the just and efficient conduct of these actions.

**B.      Movants Reserve the Right To Supplement This Motion To Suggest an Appropriate Forum**

Additional complaints will undoubtedly be filed containing similar allegations against Defendants. As a result, recommending an appropriate forum at this time may be premature. Movants therefore reserve the right to supplement this Motion in the future to suggest an appropriate forum based on applicable factors including, but not limited to, the ultimate number and location of pending cases, the preference of the parties, the convenience of geographical locations, judicial experience of the potential transferee courts, the efficiency of the potential transferee courts' dockets, and whether a "center of gravity" exists for this litigation. Movants will supplement this Motion once it becomes clear that a particular forum satisfies these requirements.

**III.      CONCLUSION**

Transfer and coordination of these four actions, and any other subsequently filed related cases, for pretrial proceedings will serve the interests of justice by providing a single forum in which the legal rights of class members can be adjudicated. For the foregoing reasons, Movants

7

respectfully request that the Panel order that the related actions be transferred to a single United States district court; and centralize those actions for coordinated pretrial proceedings. Movants reserve their rights to supplement this Motion to suggest an appropriate forum once additional related actions have been filed.

Dated:  October 17, 2007

Respectfully submitted,

Silvija A. Strikis

Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
Tel:  (202) 326-7900

John F. Nevares
John F. Nevares & Associates, P.S.C.
Caso Building
1225 Ponce de Leon Avenue, Suite 1500
San Juan, P.R. 00907-3944
Tel:  (787) 722-9333

Camilo K. Salas, III
Salas & Co., LC
650 Poydras Street, Suite 1660
New Orleans, L.A. 70130
Tel:  (504) 799-3080

Daniel E. Gustafson
Gustafson Gluek P.L.L.C.
650 Northstar East
608 Second Avenue South
Minneapolis, M.N. 55402
Tel:  (612) 333-8844

Elizabeth Cabraser
Lieff, Cabraser, Heimann & Bernstein, L.L.P.
275 Battery Street, 30th Floor

8

San Francisco, C.A. 94111-3339
Tel: (415) 965-1000

Wendy Fleishman
Lieff, Cabraser, Heimann & Bernstein, L.L.P.
780 Third Avenue, 48th Floor
New York, N.Y. 10017
Tel: (212) 355-9500

Seth R. Lesser
Locks Law Firm
457 Haddonfield Road, Suite 500
Cherry Hill, N.J. 08002
Tel: (856) 663-8200

Richard J. Arsenault
Neblett, Beard & Arsenault
2220 Bonaventure Court
P.O. Box 1190
Alexandria, L.A. 71309-1190
Tel: (800) 256-1050

Hunter J. Shkolnik
Rheingold, Valet, Rheingold, Shkolnik &
McCartney L.L.P.
113 East 37th Street
New York, NY 10016-3042
Tel: (212) 684-1880

Nicholas J. Drakulich
The Drakulich Firm, A Professional Law
Corporation
2727 Camino del Rio South, Suite 322
San Diego, C.A. 92018
Tel: (858) 755-5887

**Counsel for Plaintiffs Frederick Santitoro
and Richard Kinney**

9

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In re MEDTRONIC SPRINT FIDELIS
LEADS PRODUCTS LIABILITY
LITIGATION

MDL Docket No. _____

## CERTIFICATE OF SERVICE

I hereby certify that, on this 17th day of October 2007, I caused copies of the Motion of Plaintiffs Frederick Santitoro and Richard Kinney for Transfer and Consolidation of Related Actions 28 U.S.C. § 1407 to be served on the following parties by U.S. first-class mail unless otherwise indicated:

United States District Court for the District
of Minnesota
(Via Federal Express Next Day Delivery)

Clerk of the Court
United States District Court for the District of
Minnesota
764 Federal Building
316 N. Robert Street
St. Paul, MN 55101

United States District Court for the District
of Puerto Rico
(Via Federal Express Next Day Delivery)

Clerk of the Court
United States District Court for the District of
Puerto Rico
Clemente Ruiz-Nazario U.S. Courthouse
& Federico Degetau Federal Building
150 Carlos Chardon Street
Hato Rey, PR 00918

Counsel for Plaintiffs Kelly Luisi and Len
Stavish

Daniel E. Gustafson
Gustafson Gluek PLLC
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402

Elizabeth Cabraser
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Seth R. Lesser
Locks Law Firm
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002

Richard J. Arsenault
Neblett, Beard & Arsenault
2220 Bonaventure Court
P.O. Box 1190
Alexandria, LA 71309-1190

Hunter J. Shkolnik
Rheingold, Valet, Rheingold, Shkolnik &
McCartney LLP
113 East 37th Street
New York, NY 10016-3042

Nicholas J. Drakulich
The Drakulich Firm, A Professional Law
Corporation
2727 Camino del Rio South, Suite 322
San Diego, CA 92018

Counsel for Plaintiffs Russell Nelson,
George and Annabelle Anastas, and Donald
and Misty Tucker

John F. Nevares
John F. Nevares & Associates, P.S.C.
Caso Building
1225 Ponce de Leon Avenue, Suite 1500
San Juan, PR 00907-3944

Camilo K. Salas, III
Salas & Co., LC
650 Poydras Street, Suite 1660
New Orleans, LA 70130

Daniel E. Gustafson
Gustafson Gluek PLLC
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402

Elizabeth Cabraser
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Wendy Fleishman
Lieff, Cabraser, Heimann & Bernstein, LLP
780 Third Avenue, 48th Floor
New York, NY 10017

Seth R. Lesser
Locks Law Firm
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002

Richard J. Arsenault
Neblett, Beard & Arsenault
2220 Bonaventure Court
P.O. Box 1190
Alexandria, LA 71309-1190

Hunter J. Shkolnik
Rheingold, Valet, Rheingold, Shkolnik &
McCartney LLP
113 East 37th Street
New York, NY 10016-3042

Nicholas J. Drakulich
The Drakulich Firm, A Professional Law
Corporation
2727 Camino del Rio South, Suite 322
San Diego, CA 92018

Counsel for Plaintiffs Frederick Santitoro
and Richard Kinney

John F. Nevares
John F. Nevares & Associates, P.S.C.
Caso Building
1225 Ponce de Leon Avenue, Suite 1500
San Juan, PR 00907-3944

Camilo K. Salas, III
Salas & Co., LC
650 Poydras Street, Suite 1660
New Orleans, LA 70130

Daniel E. Gustafson
Gustafson Gluek PLLC
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402

Elizabeth Cabraser
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Wendy Fleishman
Lieff, Cabraser, Heimann & Bernstein, LLP
780 Third Avenue, 48th Floor
New York, NY 10017

Seth R. Lesser
Locks Law Firm
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002

Richard J. Arsenault
Neblett, Beard & Arsenault
2220 Bonaventure Court
P.O. Box 1190
Alexandria, LA 71309-1190

Hunter J. Shkolnik
Rheingold, Valet, Rheingold, Shkolnik &
McCartney LLP
113 East 37th Street
New York, NY 10016-3042

Nicholas J. Drakulich
The Drakulich Firm, A Professional Law
Corporation
2727 Camino del Rio South, Suite 322
San Diego, CA 92018

Counsel Plaintiff David Wood

John F. Nevares
John F. Nevares & Associates, P.S.C.
Caso Building
1225 Ponce de Leon Avenue, Suite 1500
San Juan, PR 00907-3944

Camilo K. Salas, III
Salas & Co., LC
650 Poydras Street, Suite 1660
New Orleans, LA 70130

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
P.O. Drawer H
106 W. 7th Street
Reserve, LA 70084

Jerrold Parker
Parker Wachman Alonzo LLP
111 Great Neck Road
Great Neck, NY 11021

Mark P. Robinson, Jr.
Robinson, Calcagnie and Robinson
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660

Defendants Medtronic, Inc., Medtronic
Puerto Rico, Inc., and Medtronic Puerto
Rico Operations Co.

710 Medtronic Parkway
Minneapolis, MN 55432-5604

_____
Silvija A. Strikis

Kellogg, Huber, Hansen, Todd, Evans &
Figel, PLLC
1615 M Street, N.W., Suite 400
Washington, DC 20036-3209

EXHIBIT B

BEFORE THE JUDICIAL PANEL

ON MULTI-DISTRICT LITIGATION

IN RE: MEDTRONIC LEADS PRODUCTS LIABILITY          MDL DOCKET NO:
LITIGATION

## MOTION TO TRANSFER AND CONSOLIDATE
## PURSUANT TO 28 U.S.C. Sec. 1407

Daniel E. Becnel, Jr.
Matthew B. Moreland
106 West Seventh Street
P.O. Drawer H
Reserve, Louisiana 70084
Telephone: 985-536-1186
Facsimile: 985-539-6445

Counsel for Plaintiff, David Wood, plaintiff/class representative, C.A. 07-1971; U.S.D.C.,
District of Puerto Rico, San Jaun; Section: "JAG"

Now into Court, through undersigned counsel, come the plaintiff in the case entitled *David*

*Wood, Plaintiff/ Class Representative v. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and*

*Medtronic Puerto Rico Operations, Inc., Defendant, U.S.D.C., District of Puerto Rico, San Juan*

*Division, C.A. 07-1971 , Sect. "JAG"*, and who, through their undersigned counsel, move the Judicial

Panel on Multidistrict Litigation (the "Panel") for an Order pursuant to 28 U.S.C. Sec. 1407, to

transfer and consolidate the cases listed in the attached Schedule of Actions Involved, these actions



EXHIBIT

B

concern consumer claims and personal injury claims arising from Medtronic's Leads that either required the replacement of the leads, or caused heart related injuries and/or death.

Plaintiff prays that the Panel transfer and consolidate the cases referenced in the attached Schedule of Actions Involved to a single district for coordinated and/or consolidated pre-trial proceedings.

1.

Movants are consumers who sustained economic damages and/or personal injuries by the implantation and failure of Medtronic Leads in their heart devices which was manufactured by the defendants herein.

2.

Medtronic Puerto Rico, Inc. and Medtronic Puerto Rico Operations Co., Inc. are the wholly owned subsidiaries of Medtronic, Inc. and formulated, developed, manufactured and sterilized the devices at issue in this lawsuit.

3.

This lawsuit seeks recovery for patients who have been implanted with Sprint Fidelis leads marketed by Medtronic under the model numbers: the 6949 LFJ extendable/retractable screw fixation (S) model; the 6948 LFH tuned fixation (T) model; the 6931 LFT S fixation; and the 6930 LFK T fixation.

4.

Plaintiff has alleged that Medtronic Leads are unreasonably dangerous because of their propensity to cause heart related events.

5.

The transfer and consolidation of these suits is appropriate, and will serve the purpose of judicial economy, national coordination of discovery and other pre-trial efforts, will prevent duplicative and potentially conflicting pretrial rulings, will reduce the costs of litigation and allow cases to proceed more efficiently to trial.

6.

Plaintiff herein are aware of additional lawsuits which have been filed thus far, as indicated below: Lawsuits bearing case numbers: 07-1969 and entitled *George Russell-Nelson, George and Annabelle Anastas and Donald and Misty Tucker vs. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* is now pending in the United States District Court for the District of Puerto Rico, Section: "GAG", filed 10/15/07; 07-4250 and entitled *Kelly Luisi, on behalf of herself and all others similarly situated and Len J. Stavish, on behalf of himself and all others similarly situated vs. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* is now pending in the United States District Court for the District of Minnesota, Section: "RHK", filed 10/15/07; 07-1972 and entitled *Frederick Santitoro and Richard Kinney, on behalf of themselves and all others similarly situated v. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* is now pending in the United States District Court for the District of Puerto Rico, Section: "JAG", filed 10/16/07; and, 07-4270 and entitled *Harvey Lee Conway, Jr., John Paul Miller, and Charles Peterson, Jr. on behalf of themselves and all others similarly situated, vs. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* is now pending in the

-3-

United States District Court for the District of Minnesota, Section: "PAM" filed 10/16/07.

7.

Plaintiffs anticipate that many additional lawsuits involving Medtronic Leads will be filed throughout the country.

8.

Plaintiff strongly urges transfer and consolidation in this matter and respectfully suggest that this matter warrants the formation of a separate MDL for transfer and consolidation of these cases.

9.

As noted above and in the Schedule of Actions Involved, undersigned counsel is presently aware of at least four actions subject to federal jurisdiction filed thus far. These are presently pending in the U.S.D.C. for the District of Puerto Rico and the District of Minnesota. Plaintiff respectfully suggests that all related cases be transferred to and consolidated in the District of Puerto Rico and alternatively in the Northern District of California. Furthermore, plaintiff suggests that these cases be assigned to Judge Gustavo A. Gelpi or Judge Jay A. Garcia-Gregory in the District of Puerto Rico. Alternatively, should the Court a lot the case to the Northern District of California,

-4-

Plaintiff suggests the case be assigned to Judge Susan Illston.  Judge Illston also has experience and expertise in handling MDL cases.

Respectfully submitted,

Daniel E. Becnel, Jr. T.A. (La. Bar 2926)
Matthew B. Moreland (La. Bar 24567)
P.O. Drawer H
106 West Seventh Street
Reserve, LA   70084
Telephone: (985)536-1186
Facsimile: (985)536-6445

Attorneys for the plaintiff, David Wood in *David Wood, Plaintiff/ Class Representative v. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant, U.S.D.C., District of Puerto Rico, San Juan Division, C.A. 07-1971 , Sect. "JAG"*

-5-

BEFORE THE JUDICIAL PANEL

ON MULTI-DISTRICT LITIGATION

IN RE: MEDTRONIC LEADS PRODUCTS LIABILITY    MDL DOCKET NO:
LITIGATION

MEMORANDUM IN SUPPORT OF
MOTION TO TRANSFER AND CONSOLIDATE
PURSUANT TO 28 U.S.C. Sec. 1407

Daniel E. Becnel, Jr.
Matthew B. Moreland
106 West Seventh Street
P.O. Drawer H
Reserve, Louisiana 70084
Telephone: 985-536-1186
Facsimile: 985-539-6445

Counsel for Plaintiff, David Wood, plaintiff/class representative, C.A. 07-1971; U.S.D.C.,
District of Puerto Rico, San Juan; Section: "JAG"

MAY IT PLEASE THE COURT:

Plaintiffs in the case entitled *David Wood, Plaintiff/ Class Representative v. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant, U.S.D.C., District of Puerto Rico, San Juan Division, C.A. 07-1971 , Sect. "JAG"*, respectfully move the Judicial Panel on Multidistrict Litigation for an Order pursuant to 28 U.S.C. Sec. 1407, to transfer and consolidate the cases listed in the attached Schedule of Actions Involved, such actions concerning consumer claims and personal injury claims stemming from implantation of Medtronic's Leads.

### A.    BACKGROUND OF THE LITIGATION

The various litigations involved herein arose as a result of Medtronic Sprint Fidelis leads fracturing.  These leads were researched, developed, marketed, promoted, advertised, sold, and distributed by Medtronic, Inc. to be used in connection with ICDs. These Sprint Fidelis leads were developed and manufactured by Medtronic Puerto Rico, Inc. and Medtronic Puerto Rico Operations Co., then advertised, promoted, marketed and sold pursuant to direction by Medtronic, Inc.  The Sprint Fidelis leads were approved for sale by the United States Food and Drug Administration (the "FDA") in September 2004 and have been implanted in over 160,000 patients worldwide. Medtronic further represented that the Sprint Fidelis leads were based on the "proven" design of the Quattro leads.  The Models 6949 and 6948 have two high voltage coils; the 6930 and 6931 models have a single right ventricular high voltage coil.  As of January 2007, approximately 144,311 model 6949 Sprint Fidelis leads, 7510 model 6948 leads, 5387 model 6931 leads, and 236 model 6930 leads had been implanted. The Minneapolis Heart Institute study compared the actuarial survival of

the 583 Sprint Fidelis Model 6949 leads implanted at the Minneapolis Heart Institute to the survival of 285 Sprint Quattro Model 6947 leads implanted at the Institute between November 2001 and March 2007. The difference in survival between the Sprint Fidelis Model 6949 lead and the Sprint Quattro Secure Model 6947 lead was extremely significant. The failure rate for the Sprint Fidelis Model 6949 lead was 1-2% during the first two years of implant and was ten times greater than the failure rate for the Sprint Quattro Secure Model 6947 lead. *Early Failure*, p. 893-8942.

In a USA Today article printed October 16, 2007, based on information released on October 15, 2007, Medtronic was reported as stating that Fidelis lead fractures may have contributed to five patients' deaths. Medtronic has not disclosed the precise mechanism of the Sprint Fidelis lead fracture failures. However, it appears that the defect in the Sprint Fidelis may be attributable to the small diameter of the coil and conductors and the fact that, in light of this small diameter, it is subject to stress damage both during and after implant. Fracture eventually occur when the conductor is critically overstressed. The number of fractures that have been observed in these leads indicates that there is a clear defect in the leads themselves, and that defect was demonstrated in the leads that were implanted in Plaintiffs. A review of the FDA's MAUDE database, which contains reports of adverse events associated with the use of medical devices, discloses that as of July 2007, over 1000 Medical Device Reports ("MDR"s) regarding Sprint Fidelis leads were filed since September 2004. The most frequent complaints were fracture and inappropriate shocks, and the most common observations were high impedance, oversensing and noise, and failure to capture or high threshold. Medtronic analyzed approximately 125 of those leads that were returned to Medtronic before July 2006 and according to the relevant MDR reports, Medtronic concluded that 77 out of the 125 leads (or 62%) were defective. The predominant manifestation of the defect was

-3-

conductor fracture, involving the PACE-sense conductor and coil or the high voltage (defibrillation) conductor. PACE-sense conductor or coil fracture was manifested by inappropriate shocks or oversensing/noise and high impedance, while high voltage conductor fracture was primarily linked to high impedance.

On October 15, 2007, Medtronic ceased sales of Sprint Fidelis leads, citing several deaths related to the leads. Medtronic recommended that implanted Sprint Fidelis leads be monitored. The company first alerted doctors in March that the Fidelis leads may be experiencing a higher fracture rate than expected. Medtronic said its investigation suggested that some doctors were struggling with implantation and were "contributing significantly to these fractures." This quote appeared in a press release dated October 15, 2007 from Medtronics. At the time, Medtronic had 24-month data that showed 98.9% of the the Fidelis leads still viable. James Coman, an associate professor of medicine at the University of Oklohoma College of Medicine, says he stopped using Fidelis leads 10 months ago after a routine check on a patient revealed a fractured lead which he says is highly unusual. Medtronic's March statement did not convince him otherwise. Coman says he will check Fidelis patients every month instead of every quarter via an in-home monitoring system. Doctors stopped using a family of leads known as the Sprint Fidelis, because they are prone to cracking, with potentially life-threatening consequences.

An estimated 235,000 patients are thought to have Fidelis leads, and the company estimates that 4,000 to 5,000 patients – or about 2.3 percent – will experience fractures in the leads. Dr. Ranjit Suri, a cardiologist at New York Hospital in Queens, said he and his colleagues stopped using all small-diameter leads, including the Sprint Fidelis because of problems with them. Dr. David Steinhaus, a top medical officer at Medtronic, described the lead fractures as "classic fatigue

failures," a term that typically describes a weakening of metal exposed to report stress.  Dr. Robert

G. Hauser, Minneapolis cardiologist, warned Medtronic that he believed there had been a troubling

number of incidents in which defibrillators equipped with the Sprint Fidelis leads were firing

inappropriately in patients.

**B.**   **PENDING ACTIONS RELATING TO THIS LITIGATION**

Plaintiffs herein are aware of additional lawsuits which have been filed thus far, as indicated

below:

**District of Puerto Rico**

A lawsuit bearing case number: 07-1971 and entitled *David Wood, Plaintiff/ Class*

*Representative v. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico*

*Operations, Inc., Defendant,* which is now pending in Sect. "JAG"  of the United States District

Court for the District of Puerto Rico.

A lawsuit bearing case number: 07-1969 and entitled *George Russell-Nelson, George and*

*Annabelle Anastas and Donald and Misty Tucker vs. Medtronic, Inc., Medtronic Puerto Rico, Inc. ,*

*and Medtronic Puerto Rico Operations, Inc., Defendant,* which is now pending in Sect. "GAG" of

the United States District Court for the District of Puerto Rico.

A lawsuit bearing case number: 07-1972 and entitled *Frederick Santitoro and Richard*

*Kinney, on behalf of themselves and all others similarly situated v. Medtronic, Inc., Medtronic*

*Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant,* which is now pending in

Sect. "JAG" of the United States District Court for the District of Puerto Rico.

**District of Minnesota**

A lawsuit bearing case number: 07-4250 and entitled *Kelly Luisi, on behalf of herself and all others similarly situated and Len J. Stavish, on behalf of himself and all others similarly situated vs. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* is now pending in the United States District Court for the District of Minnesota, Section: "RHK". That suit was filed on October 15, 2007.

A lawsuit bearing case number: 07-4270 and entitled *Harvey Lee Conway, Jr., John Paul Miller, and Charles Peterson, Jr. on behalf of themselves and all others similarly situated, vs. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* is now pending in the United States District Court for the District of Minnesota, Section: "PAM". That suit was filed on October 16, 2007.

Plaintiffs strongly urge transfer and consolidation in this matter and respectfully suggest that this matter warrants the formation of a separate MDL for transfer and consolidation of these cases.

As noted above and in the Schedule of Actions Involved, undersigned counsel are presently aware of at least two actions subject to federal jurisdiction filed thus far. One is presently pending in the U.S.D.C. for the District of Puerto Rico. Plaintiffs respectfully suggest that all related cases be transferred to and consolidated in the District of Puerto Rico before the Honorable Judge Gustavo A. Gelpi or Honorable Judge Jay A. Garcia-Gregory.

Alternatively, Plaintiff urges that this matter be consolidated in the Northern District of California. Should such alternative decision be made to choose the Northern District of Calidfornia, plaintiff suggests that these cases be assigned to Judge Susan Illston.

The actions that are subject to this Motion to Transfer and Consolidate which are pending

before various federal district courts are as follows:

*David Wood, Plaintiff/ Class Representative v. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Puerto Rico, C.A. 07-1971, Section: JAG, filed on 10/16/07.

*George Russell-Nelson, George and Annabelle Anastas and Donald and Misty Tucker vs. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Puerto Rico, C.A. 07-1969, Section: GAG, filed on 10/15/07.

*Frederick Santitoro and Richard Kinney, on behalf of themselves and all others similarly situated v. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Puerto Rico, C.A. 07-1972, Section: JAG, filed on 10/16/07

*Kelly Luisi, on behalf of herself and all others similarly situated and Len J. Stavish, on behalf of himself and all others similarly situated vs. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Minnesota, C.A. 07-4250, Section: RHK, Mag: JSM, filed on 10/15/07.

*Harvey Lee Conway, Jr., John Paul Miller, and Charles Peterson, Jr. on behalf of themselves and all others similarly situated, vs. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Minnesota, C.A. 07-4270, Section: PAM, Mag: JSM, filed on 10/16/07.

**C.    TRANSFER AND CONSOLIDATION INTO A MDL WILL PROMOTE THE JUST**

-7-

## AND EFFICIENT CONDUCT OF THE LISTED ACTIONS

Transfer, coordination, and/or consolidation of actions is appropriate when (1) the actions involve one or more common questions of fact; (2) the transfer would serve the convenience of the parties and witnesses; and (3) the transfer would promote the just and efficient conduct of the actions. 28 U.S.C. Sec. 1407.

Review of the listed Complaints above clearly demonstrates common questions between the suits. Because of the similarity in allegations and prayers for relief, consolidation for pretrial purposes will foster judicial economy within the federal system, would prevent duplicative discovery by various plaintiffs against the same or similar defendants, will prevent the possibility of inconsistent discovery and pretrial rulings by various federal courts, therefore promoting the just and efficient conduct of the actions.

WHEREFORE, plaintiffs respectfully request that all genuinely related matters be consolidated for pretrial proceedings and be transferred to the District of Puerto Rico.

Respectfully submitted,.

Daniel E. Becnel, Jr. T.A. (La. Bar 2926)
Matt Moreland (La. Bar #: 24567)
P.O. Drawer H
106 West Seventh Street
Reserve, LA  70084
Telephone: (985)536-1186
Facsimile: (985)536-6445


Attorneys for the plaintiff, David Wood in *David Wood, Plaintiff/ Class Representative v. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant, U.S.D.C., District of Puerto Rico, San Juan Division, C.A. 07-1971 , Sect. "JAG"*

BEFORE THE JUDICIAL PANEL

ON MULTI-DISTRICT LITIGATION

IN RE: MEDTRONIC LEADS PRODUCTS LIABILITY          MDL DOCKET NO:
LITIGATION

**SCHEDULE OF ACTIONS INVOLVED**
**PURSUANT TO 28 U.S.C. Sec. 1407**

Daniel E. Becnel, Jr.
Matthew B. Moreland
106 West Seventh Street
P.O. Drawer H
Reserve, Louisiana 70084
Telephone: 985-536-1186
Facsimile: 985-539-6445

Counsel for Plaintiff, David Wood, plaintiff/class representative, C.A. 07-1971; U.S.D.C.,
District of Puerto Rico, San Juan; Section: "JAG"

**NOW INTO COURT,** through undersigned counsel comes the plaintiff, *David Wood,*

*Plaintiff/ Class Representative v. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic*

*Puerto Rico Operations, Inc., Defendant, U.S.D.C., District of Puerto Rico, San Juan Division, C.A.*

1

*07-1971 , Sect. "JAG",* who respectfully submit this Schedule of Actions Involved:

**District of Puerto Rico**

*\* David Wood, Plaintiff/ Class Representative v. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Puerto Rico, C.A. 07-1971, Section: JAG, filed on 10/16/07.

*\* George Russell-Nelson, George and Annabelle Anastas and Donald and Misty Tucker vs. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Puerto Rico, C.A. 07-1969, Section: GAG, filed on 10/15/07.

*\* Frederick Santitoro and Richard Kinney, on behalf of themselves and all others similarly situated v. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Puerto Rico, C.A. 07-1972, Section: JAG, filed on 10/16/07

**District of Minnesota**

*\* Kelly Luisi, on behalf of herself and all others similarly situated and Len J. Stavish, on behalf of himself and all others similarly situated vs. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Minnesota, C.A. 07-4250, Section: RHK, Mag: JSM, filed on 10/15/07.

*\* Harvey Lee Conway, Jr., John Paul Miller, and Charles Peterson, Jr. on behalf of themselves and all others similarly situated, vs. Medtronic, Inc., Medtronic Puerto Rico, Inc.,*

-2-

*and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Minnesota, C.A. 07-4270, Section: PAM, Mag: JSM, filed on 10/16/07.

Respectfully submitted,

Daniel E. Becnel, Jr. T.A. (La. Bar 2926)
Matt Moreland (La. Bar 24567)
P.O. Drawer H
106 West Seventh Street
Reserve, LA  70084
Telephone: (985)536-1186
Facsimile: (985)536-6445

Attorneys for the plaintiff, David Wood in *David Wood, Plaintiff/ Class Representative v. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant, U.S.D.C., District of Puerto Rico, San Juan Division, C.A. 07-1971 , Sect. "JAG"*

-3-

BEFORE THE JUDICIAL PANEL

ON MULTI-DISTRICT LITIGATION

IN RE: MEDTRONIC LEADS PRODUCTS LIABILITY          MDL DOCKET NO:
         LITIGATION

### SCHEDULE OF ACTIONS INVOLVED
### PURSUANT TO 28 U.S.C. Sec. 1407

Daniel E. Becnel, Jr.
Matthew B. Moreland
106 West Seventh Street
P.O. Drawer H
Reserve, Louisiana 70084
Telephone: 985-536-1186
Facsimile: 985-539-6445

Counsel for Plaintiff, David Wood, plaintiff/class representative, C.A. 07-1971; U.S.D.C.,
District of Puerto Rico, San Juan; Section: "JAG"


**NOW INTO COURT,** through undersigned counsel comes the plaintiff, *David Wood,*

*Plaintiff/ Class Representative v. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic*

*Puerto Rico Operations, Inc., Defendant, U.S.D.C., District of Puerto Rico, San Juan Division, C.A.*

1

*07-1971* , *Sect. "JAG"*, who respectfully submit this Schedule of Actions Involved:

**District of Puerto Rico**

> *\*David Wood, Plaintiff/ Class Representative v. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant*, United States District Court for the District of Puerto Rico, C.A. 07-1971, Section: JAG, filed on 10/16/07.

> *\*George Russell-Nelson, George and Annabelle Anastas and Donald and Misty Tucker vs. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant*, United States District Court for the District of Puerto Rico, C.A. 07-1969, Section: GAG, filed on 10/15/07.

> *\*Frederick Santitoro and Richard Kinney, on behalf of themselves and all others similarly situated v. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant*, United States District Court for the District of Puerto Rico, C.A. 07-1972, Section: JAG, filed on 10/16/07

**District of Minnesota**

> *\* Kelly Luisi, on behalf of herself and all others similarly situated and Len J. Stavish, on behalf of himself and all others similarly situated vs. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant*, United States District Court for the District of Minnesota, C.A. 07-4250, Section: RHK, Mag: JSM, filed on 10/15/07.

> *\* Harvey Lee Conway, Jr., John Paul Miller, and Charles Peterson, Jr. on behalf of themselves and all others similarly situated, vs. Medtronic, Inc., Medtronic Puerto Rico, Inc.,*

*and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the

District of Minnesota, C.A. 07-4270, Section: PAM, Mag: JSM, filed on 10/16/07.

Respectfully submitted,

Daniel E. Becnel, Jr. T.A. (La. Bar 2926)
Matt Moreland (La. Bar 24567)
P.O. Drawer H
106 West Seventh Street
Reserve, LA 70084
Telephone: (985)536-1186
Facsimile: (985)536-6445

Attorneys for the plaintiff, David Wood in *David Wood, Plaintiff/ Class Representative v. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant, U.S.D.C., District of Puerto Rico, San Juan Division, C.A. 07-1971 , Sect. "JAG"*

-3-

BEFORE THE JUDICIAL PANEL

ON MULTI-DISTRICT LITIGATION

IN RE: MEDTRONIC LEADS PRODUCTS LIABILITY          MDL DOCKET NO:
LITIGATION

**EXHIBITS IN SUPPORT OF
MEMORANDUM IN SUPPORT OF
MOTION FOR TRANSFER AND CONSOLIDATION
PURSUANT TO 28 U.S.C. Sec. 1407**

**NOW INTO COURT,** through undersigned counsel come the plaintiffs, entitled *Sharon Ann Dabon, Plaintiffs/Proposed Class Representatives v. Glaxo Smith Kline, Inc., Defendant, U.S.D.C., Eastern District of Louisiana, New Orleans Division, C.A. 07-3041 , Sect. "A", Mag. 1,* who respectfully submit this list of exhibits in support of their Motion to Transfer and Consolidate:

A.    Complaint and docket sheet filed in *David.Wood, Plaintiff/ Class Representative v. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Puerto Rico, C.A. 07-1971, Section: JAG, filed on 10/16/07;

B.  Complaint and docket sheet of action *George Russell-Nelson, George and Annabelle Anastas and Donald and Misty Tucker vs. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Puerto Rico, C.A. 07-1969, Section: GAG, filed on 10/15/07;

C.  *Frederick Santitoro and Richard Kinney, on behalf of themselves and all others similarly situated v. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Puerto Rico, C.A. 07-1972, Section: JAG, filed on 10/16/07;

D.  *Kelly Luisi, on behalf of herself and all others similarly situated and Len J. Stavish, on behalf of himself and all others similarly situated vs. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Minnesota, C.A. 07-4250, Section: RHK, Mag: JSM, filed on 10/15/07;

E.   *Harvey Lee Conway, Jr., John Paul Miller, and Charles Peterson, Jr. on behalf of themselves and all others similarly situated, vs. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Minnesota, C.A. 07-4270, Section: PAM, Mag: JSM, filed on 10/16/07

Respectfully submitted,

Daniel E. Becnel, Jr. T.A. (La. Bar 2926)
Matthew B. Moreland (La. Bar 24567)
P.O. Drawer H
106 West Seventh Street
Reserve, LA  70084
Telephone: (985)536-1186
Facsimile: (985)536-6445

Attorneys for the plaintiff, David Wood in *David Wood, Plaintiff/ Class Representative v. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant, U.S.D.C., District of Puerto Rico, San Juan Division, C.A. 07-1971 , Sect. "JAG"*

BEFORE THE JUDICIAL PANEL

ON MULTI-DISTRICT LITIGATION

IN RE: MEDTRONIC LEADS PRODUCTS LIABILITY          MDL DOCKET NO:
LITIGATION

**EXHIBITS IN SUPPORT OF**
**MEMORANDUM IN SUPPORT OF**
**MOTION FOR TRANSFER AND CONSOLIDATION**
**PURSUANT TO 28 U.S.C. Sec. 1407**

**NOW INTO COURT,** through undersigned counsel come the plaintiffs, entitled *Sharon*

*Ann Dabon, Plaintiffs/Proposed Class Representatives v. Glaxo Smith Kline, Inc., Defendant,*

*U.S.D.C., Eastern District of Louisiana, New Orleans Division, C.A. 07-3041 , Sect. "A", Mag. 1,*

who respectfully submit this list of exhibits in support of their Motion to Transfer and Consolidate:

A.    Complaint and docket sheet filed in *David, Wood, Plaintiff/ Class Representative v.*

*Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico*

*Operations, Inc., Defendant,* United States District Court for the District of Puerto

Rico, C.A. 07-1971, Section: JAG, filed on 10/16/07;

B.     Complaint and docket sheet of action *George Russell-Nelson, George and Annabelle Anastas and Donald and Misty Tucker vs. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Puerto Rico, C.A. 07-1969, Section: GAG, filed on 10/15/07;

C.     *Frederick Santitoro and Richard Kinney, on behalf of themselves and all others similarly situated v. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Puerto Rico, C.A. 07-1972, Section: JAG, filed on 10/16/07;

D.     *Kelly Luisi, on behalf of herself and all others similarly situated and Len J. Stavish, on behalf of himself and all others similarly situated vs. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Minnesota, C.A. 07-4250, Section: RHK, Mag: JSM, filed on 10/15/07;

E.    *Harvey Lee Conway, Jr., John Paul Miller, and Charles Peterson, Jr. on behalf of*

*themselves and all others similarly situated, vs. Medtronic, Inc., Medtronic Puerto*

*Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* United States

District Court for the District of Minnesota, C.A. 07-4270, Section: PAM, Mag:

JSM, filed on 10/16/07

Respectfully submitted,

Daniel E. Becnel, Jr. T.A. (La. Bar 2926)
Matthew B. Moreland (La. Bar 24567)
P.O. Drawer H
106 West Seventh Street
Reserve, LA   70084
Telephone: (985)536-1186
Facsimile: (985)536-6445

Attorneys for the plaintiff, David Wood in *David
Wood, Plaintiff/ Class Representative v. Medtronic,
Inc., Medtronic Puerto Rico, Inc. , and Medtronic
Puerto Rico Operations, Inc., Defendant, U.S.D.C.,
District of Puerto Rico, San Juan Division, C.A. 07-
1971 , Sect. "JAG"*

BEFORE THE JUDICIAL PANEL

ON MULTI-DISTRICT LITIGATION

IN RE: MEDTRONIC LEADS PRODUCTS LIABILITY          MDL DOCKET NO:
LITIGATION


Daniel E. Becnel, Jr.
Matthew B. Moreland
106 West Seventh Street
P.O. Drawer H
Reserve, Louisiana 70084
Telephone: 985-536-1186
Facsimile: 985-539-6445

Counsel for Plaintiff, David Wood, plaintiff/class representative, C.A. 07-1971; U.S.D.C.,
District of Puerto Rico, San Juan; Section: "JAG"
[Additional Counsel Listed on Signature Page]


## PROOF OF SERVICE BY MAIL

I do hereby certify that on this __17th__ day of October, 2007, I served true and correct copies

of the following documents via U.S. Mail:


1.    **MOTION TO TRANSFER AND CONSOLIDATE PURSUANT TO 28 U.S.C. Sec.
1407**

2.    **MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER AND
CONSOLIDATE PURSUANT TO 28 U.S.C. Sec. 1407**

3.    **SCHEDULE OF ACTIONS INVOLVED PURSUANT TO 28 U.S.C. Sec. 1407**

4.    **EXHIBITS IN SUPPORT OF MEMORANDUM IN SUPPORT OF MOTION TO
TRANSFER AND CONSOLIDATE PURSUANT TO 28 U.S.C. Sec. 1407**

5.    PROOF OF SERVICE BY MAIL

on the following parties, addressed as indicated:

**Attorneys for Plaintiffs, George Russell-Nelson, Annabelle Anasta, Donald Tucker, Frederick Santitoro and Richard Kinney:**

John F. Nevares
John F. Nevares & Assoc. PSC
P.O. Box 13667
San Juan, PR 00908-3667
787-722-9333
Fax: 787-721-8820
Email: jfnevares-law@microjuris.com

Camillo K. Salas, III
SALAS & CO.
650 Poydras Street
Suite 1660
New Orleans, LA 70130
Telephone: (504) 799-3080
Email: csalas@salaslaw.com

Richard J. Arsenault
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court
P. O. Box 1190
Alexandria, LA  71309-1190
Telephone:  (800) 256-1050
Email: rarsenault@nbalawfirm.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Email: ecabraser@lchb.com

Nicholas J. Drakulich
THE DRAKULICH FIRM, A Professional Law Corporation
2727 Camino del Rio South
Suite 322
San Diego, CA 92108
Telephone:  (858) 755-5887
Email: Jenndrak@sbcglobal.net

Wendy Fleishman
Rebecca Bedwell-Coll
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
780 Third Ave., 48th Floor
New York, NY 10017
Telephone:  (212) 355-9500
Email: wfleishman@lchb.com

Daniel E. Gustafson
GUSTAFSON GLUEK PLLC
650 Northstar East
608 Second Avenue South
Minneapolis, MN  55402
Telephone:  (612) 333-8844
Email: dgustafson@gustafsongluek.com

Seth R. Lesser
LOCKS LAW FIRM
457 Haddonfield Road, Suite 500 110
Cherry Hill, NJ  08002
Telephone:  (856) 663-8200
Email: slesser@lockslawny.com

Hunter J. Shkolnik
RHEINGOLD, VALET, RHEINGOLD,
SHKOLNIK & MCCARTNEY LLP
113 East 37th Street
New York, NY  10016-3042
Telephone:  (212) 684-1880
Email: hshkolnik@rheingoldlaw.com

Silvija A. Strikis
KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, PLLC
1615 M Street N.W., Suite 400
Washington, DC 20036-3209
Telephone:  (202) 326-7900
Email: sstrikis@khhte.com

**Attorneys for Plaintiffs Kelly Luisi and Len J. Stavish**

Richard J. Arsenault
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court
P. O. Box 1190

Alexandria, LA  71309-1190
Telephone:  (800) 256-1050
Email: rarsenault@nbalawfirm.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Email: ecabraser@lchb.com

Nicholas J. Drakulich
THE DRAKULICH FIRM, A Professional Law Corporation
2727 Camino del Rio South
Suite 322
San Diego, CA 92108
Telephone:  (858) 755-5887
Email: Jenndrak@sbcglobal.net

Wendy Fleishman
Rebecca Bedwell-Coll
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
780 Third Ave., 48th Floor
New York, NY 10017
Telephone:  (212) 355-9500
Email: wfleishman@lchb.com

Daniel E. Gustafson
GUSTAFSON GLUEK PLLC
650 Northstar East
608 Second Avenue South
Minneapolis, MN  55402
Telephone:  (612) 333-8844
Email: dgustafson@gustafsongluek.com

Seth R. Lesser
LOCKS LAW FIRM
457 Haddonfield Road, Suite 500 110
Cherry Hill, NJ  08002
Telephone:  (856) 663-8200
Email: slesser@lockslawny.com

Hunter J. Shkolnik
RHEINGOLD, VALET, RHEINGOLD,
SHKOLNIK & MCCARTNEY LLP

113 East 37th Street
New York, NY 10016-3042
Telephone: (212) 684-1880
Email: hshkolnik@rheingoldlaw.com

Silvija A. Strikis
KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, PLLC
1615 M Street N.W., Suite 400
Washington, DC 20036-3209
Telephone: (202) 326-7900
Email: sstrikis@khhte.com

**Attorneys for Plaintiffs Harvey Lee Conway, Jr., John Paul Miller, and Charles Patterson**

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
Richard A. Lockridge (64117)
Robert K. Shelquist (021310X)
Yvonne M. Flaherty (267600)
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota 55401-2197
Telephone: 612-339-6900
Facsimile: 612-339-0981

CHARLES H. JOHNSON & ASSOCIATES, PA
Charles H. Johnson, Esq. (50696)
Mimi B. Hua, Esq. (343997)
2599 Mississippi Street
New Brighton, MN 55112-5060
Telephone: 651-633-5685
Facsimile: 651-633-4442

INGEBRITSON & ASSOCIATION
Russell A. Ingebritson, (48860)
Charles T. Hvass, (48598)
Kathryn M. Kohn, (326598)
730 2nd Avenue South
Minneapolis, MN 55402
Telephone: 612-313-0267
Facsimile: 612-342-2990

KERSHAW, CUTTER & RATINOFF, LLP
C. Brooks Cutter
980 9th Street, Suite 1900
Sacramento, CA 95814
Telephone: 916-448-9800

Facsimile:  916-669-4499

**Attorneys for Plaintiff David Wood**

John Navares
SMITH & NEVARES
Caso Building
1225 Ponce de Leon Avenue
Suite 1500
San Juan, PR 00907-3944
Telephone: (787) 722-9333
Email: jfnevares-law@microjuris.com

Camillo K. Salas, III
SALAS & CO.
650 Poydras Street
Suite 1660
New Orleans, LA 70130
Telephone: (504) 799-3080
Email: csalas@salaslaw.com

Jerrold Parker
Parker Waichman Alonzo LLP
111 Great Neck Road
Great Neck, New York 11021
516-466-6500
Fax: 516-466-6665
jerry@yourlawyer.com

Mark P. Robinson, Jr.
Robinson, Calcagnie and Robinson
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
949-720-1288
Fax: 949-720-1292
mrobinson@rcrlaw.net

**Defendant, Medtronic, Inc.**

Medtronic, Inc.
710 Medtronic Parkway
Minneapolis, Minnesota 55432

**Defendant, Medtronic Puerto Rico, Inc.**

Medtronic Puerto Rico, Inc.
Road 149, km 56.3, Box 6001
Villalba, PR 09007

**Defendant, Medtronic Puerto Rico Operations Co.**

Medtronic Puerto Rico Operations Co.
Road 149, km 56.3, Box 6001
Villalba, PR 09007

      On October 17, 2007, I also delivered true and correct copies of these documents via U.S. Mail to the following addresses for filing:

Clerk of the Court
U.S. District Court, District of Minnesota
700 Federal Building
316 North Robert Street
St. Paul, MN 55101

Clerk of the Court
U.S. District Court, District of Puerto Rico
Clemente Ruiz-Nazario U.S. Courthouse
& Federico Degetau Federal Building
150 Carlos Chardon Street
Hato Rey, P.R. 00918

      I declare under penalty of perjury under the laws of the State of Louisiana that the above is true and correct. Executed on October 17, 2007.

                         Respectfully submitted,

                         Daniel E. Becnel, Jr. T.A. (La. Bar 2926)
                         Matthew B. Moreland (La. Bar 24567)
                         P.O. Drawer H
                         106 West Seventh Street
                         Reserve, LA  70084
                         Telephone: (985)536-1186
                         Facsimile: (985)536-6445

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

KELLY LUISI, on behalf of herself
and all others similarly situated and
LEN J. STAVISH, on behalf of
himself and all others similarly
situated,

Case No.: 0:07-cv-4250-RHK-JSM

                            Plaintiffs,

    vs.

MEDTRONIC, INC., MEDTRONIC
PUERTO RICO, INC., and
MEDTRONIC PUERTO RICO
OPERATIONS CO.,

                          Defendants.

---

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2007, I caused the following documents:

    1.     Defendants' Notice of Motion and Motion to Continue Court's Deadlines Until After a Decision by the Joint Panel on Multidistrict Litigation on Pending Motions for Transfer;

    2.     Memorandum of Law in Support of Medtronic's Motion to Continue Court's Deadlines Until After a Decision by the Joint Panel on Multidistrict Litigation on Pending Motions for Transfer;

    3.     L.R. 7.1(c) Word Count Compliance Certificate; and

    4.     Affidavit of George W. Soule in Support of Medtronic's Motion to Continue Court's Deadlines Until After a Decision by the Joint Panel on Multidistrict Litigation on Pending Motions for Transfer.

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

> Daniel E. Gustafson
> dgustafson@gustafsongluek.com
> Karal M. Gluek
> kgluek@gustafsongluek.com
> **Gustafson Gluek PLLC**
> 650 Northstar East
> 608 Second Avenue South
> Minneapolis, MN 55402

I further certify that I caused a copy of the foregoing documents and the notice of electronic filing to be mailed by first class mail, postage paid, to the following non-ECF participants:

Elizabeth J. Cabraser
Rebecca Bedwell-Coll
**Lieff, Cabrasser, Heimann & Bernstien, LLP**
275 Batter Street, 30th Floor
San Francisco, CA 94111-3339

Seth R. Lesser
**Locks Law Firm**
457 Haddonfield Road, Suite 500 110
Cherry Hill, NJ 08002

Hunter J. Shkolnik
**Rheingold, Valet, Rheingold, Shkolnik & Mccartney LLP**
1113 East 37th Street
New York, NY 10016-3042

Silvija A. Strikis
**Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC**
1615 M Street N.W., Suite 400
Washington, DC 20036-3209

Wendy Fleishman
**Lieff, Cabrasser, Heimann & Bernstien, LLP**
780 Third Avenue, 48th Floor
New York, NY 10017

Richard J. Arsenault
**Neblett, Beard & Arsenault**
2220 Bonaventure Court
P.O. Box 1190
Alexandria, LA 71309-1190

Nicholas J. Drakulich
**The Drakulich Firm, A Professional Law Corporation**
2727 Camino de Rio South, Suite 322
San Diego, CA 92108

Dated:  November 1, 2007          Respectfully Submitted,

                                  **BOWMAN AND BROOKE LLP**

                                  By:   s/ George W. Soule

                                      George W. Soule (#103664)
                                      Melissa R. Stull (#387060)
                                      150 South Fifth Street, Suite 3000
                                      Minneapolis, MN 55402
                                      george.soule@bowmanandbrooke.com
                                      melissa.stull@bowmanandbrooke.com
                                      Tel:  612.339.8682
                                      Fax: 612.339.3200

                                      and

                                      Philip S. Beck
                                      Bartlit Beck Herman Palenchar & Scott LLP
                                      Courthouse Place
                                      54 West Hubbard Street, Suite 300
                                      Chicago, IL 60610
                                      philip.beck@bartlit-beck.com
                                      Tel:  312.494.4411
                                      Fax: 312.494.4440

                                  **ATTORNEYS FOR DEFENDANTS**