# EXHIBIT C



**ZIMMERMAN REED**
ATTORNEYS AT LAW

November 5, 2007

RONALD S. GOLDSER
ADMITTED IN MINNESOTA AND WISCONSIN
rsg@zimmreed.com

REPLY TO MINNEAPOLIS

*Via Federal Express*

United States Judical Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Room G-255, North Lobby
Washington. D.C. 20002-8004

RE: *Medtronic, Inc., Sprint Fidelis Leads Products Liability Litigation, MDL 1905*

Dear Clerk:

Enclosed for filing in the above referenced matter please find the following documents:

1.  Response of Plaintiff Rodney C. Kesti to Motions by Plaintiffs Santitoro, Kinney and Wood to Transfer and Coordinate Actions in the Above Litigation; and
2.  Certificate of Service.

Please do not hesitate to contact me if you have any questions.

Very truly yours,

ZIMMERMAN REED, P.L.L.P.

Ronald S. Goldser
RSG: mab

Enc.

**MINNEAPOLIS** | 651 NICOLLET MALL, SUITE 501  MINNEAPOLIS, MINNESOTA 55402   TEL 612.341.0400  FAX 612.341.0844   ZIMMREED.COM
**SCOTTSDALE** | 14646 NORTH KIERLAND BLVD, SUITE 145  SCOTTSDALE, ARIZONA 85254   TEL 480.348.6400  FAX 480.348.6415   ZIMMREED COM

## CERTIFICATE OF SERVICE BY MAIL

STATE OF MINNESOTA    )
                              )ss.
COUNTY OF HENNEPIN   )

      Martha A. Bather of the City of Minneapolis, County of Hennepin, in the State of Minnesota,

being first duly sworn and in compliance with Rule 5.2 of the Rules of Procedure of the Judicial

Panel on Multidistrict Litigation, says that on the 5th day of November, 2007 she served the annexed

Response of Plaintiff Rodney C. Kesti with exhibit by mailing a true and correct copy thereof,

enclosed in an envelope, postage prepaid, and by depositing the same in the post office at

Minneapolis, Minnesota, directed to said attorneys at the addresses below:

**Daniel E. Becnel, Jr.**
Becnel Law Firm LLC
106 West Seventh Street
P.O. Drawer H
Reserve, LA 70084

**Daniel E. Gustafson**
Gustafson Gluek PLLC
608 Second Avenue South
Suite 650
Minneapolis, MN 55402

**Charles H. Johnson**
Charles H. Johnson & Associates PA
2599 Mississippi Street
New Brighton, MN 55112-5060

**John F. Nevares**
John Nevares & Assoicates PSC
VIG Building, Suite 1504
1225 Ponce de Leon Avenue
San Juan, PR 00908-3667

**Jose F. Quetglas**
Quetglas Law Office
P.O. Box 16606
San Juan, PR 00908-6606

**Silvija A. Strikis**
Kellogg Huber Hansen Todd Evans & Figel
PLLC
1615 M Street, N.W.
Suite 400
Washington, D.C. 20036-3209

**Herbert L. Zarov**
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606

_Martha A. Bather_

Subscribed and sworn to before me
this 5th day of November, 2007.

_Notary Public_

**KAREN MARIE COLT**
Notary Public-Minnesota
My Commission Expires Jan 31, 2011

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

In re Medtronic Sprint Fidelis           MDL Docket No. 1905
Leads Products Liability Litigation

**This Response is in reference to:**

Plaintiff Rodney C. Kesti,
C.A., No. 0:07-cv-04442,
U.S.D.C. of Minnesota,
Filed October 31, 2007

---

### RESPONSE OF PLAINTIFF RODNEY C. KESTI TO MOTIONS BY
### PLAINTIFFS SANTITORO, KINNEY AND WOOD TO TRANSFER AND
### COORDINATE ACTIONS IN THE ABOVE LITIGATION

---

Pursuant to 28 USC §1407 and Panel Rules 7.1 (b) and 7.2 (c), Plaintiff Rodney

C. Kesti responds to the separate Motions filed by Plaintiffs Santitoro and Kinney, and

Plaintiff Wood. As to the Motion by Plaintiffs Santitoro and Kinney on or about October

17, 2007, Plaintiff Kesti responds:

1. Admits that Plaintiffs Santitoro and Kinney make the allegations described in Paragraph 1 of the Motion.

2. Admits that, in addition to the three actions to which this pleading responds, as well as the instant Plaintiff's lawsuit, there are a number of actions related to this litigation. The listing of known actions is attached as Exhibit A.

3. Admits that all actions described above allege virtually identical claims involving identical products and identical claims of product defect based upon a recall under, *inter alia*, the laws of products liability, breach of warranty, negligence and medical monitoring.

4. Admits that. as required by 28 U.S.C. §1407(a), the cases proposed for transfer and coordination "involve one or more common questions of fact," inasmuch as they are premised on virtually identical factual allegations with respect to Defendants' conduct and the resulting harm to consumers, specifically, that Defendants developed, manufactured, marketed, distributed, and sold more than 200,000 Sprint Fidelis lead systems which have resulted in numerous reports of failure, a class 1 recall, and at least five deaths, and potentially thousands of claims of potential replacement reimbursement and personal injury damages.

5. Admits that the proposed transfer and coordination "will be for the convenience of parties and witnesses and will promote the just and efficient conduct" of these actions. 28 U.S.C. §1407(a).

6. Plaintiff Kesti believes that consolidation and coordination of these and other anticipated actions is appropriate before the United States District Court for the District of Minnesota.

2

7.  The District of Minnesota is well suited to handle litigation of this kind. The District of Minnesota has substantial experience, skill and ability in managing the pre-trial proceedings in similar types of pharmaceutical and medical device litigation, having handled the following successful MDL proceedings:

   a.  In re TMJ Products Liability Litigation, MDL 1001;

   b.  In re St. Jude Medical, Inc., MDL 1396;

   c.  In re Baycol Product Liability Litigation, MDL 1431;

   d.  In re Guidant Defibrillator Products Liability Litigation, MDL 1708;

   e.  In re Viagra Products Liability Litigation, MDL 1724

   f.  In re Medtronic Defibrillator Products Liability Litigation, MDL 1726;

8.  The United States District Court for the District of Minnesota has been extraordinarily successful in managing these medical device and pharmaceutical multidistrict litigation cases to a prompt and fair resolution. In the Baycol litigation, the Court was instrumental in creating early resolution of many thousands of cases involving $1.2 billion of settlements in federal and state courts through its coordinated efforts. In the Guidant litigation, although settlement terms are confidential, a global settlement was recently announced that, when finalized, will resolve most if not all cases in state and federal courts. In the Medtronic litigation, early alternative dispute resolution is proceeding.

9.  Equally as important, Minnesota is the corporate headquarters of Defendant Medtronic, Inc., and there will be substantial evidence related to the allegations in these lawsuits located within the District of Minnesota, making

3

it the undisputed center of gravity for this litigation. On information and belief, the design of the device was managed from Minnesota, the corporate marketing was managed from Minnesota, and the recall was managed from the corporate headquarters in suburban Minneapolis, Minnesota.

10. The Minneapolis St. Paul airport is within 20 minutes from either the Minneapolis or St. Paul United States District Courthouse and is a hub for Northwest Airlines, the 4th largest airline, making travel in and out of the Twin Cities very convenient and economical.

As to the Motion filed by Plaintiff Wood, on or about October 17, 2007, Plaintiff Kesti responds:

1. Admits that Plaintiff Wood makes the allegations set forth in Paragraph 1 of his motion.

2. On information and belief, admits that Medtronic Puerto Rico, Inc. and Medtronic Puerto Rico Operations Co. are wholly owned subsidiaries of Medtronic. Inc. However, this responding Plaintiff lacks sufficient information to what extent operations in Puerto Rico were conducted by Defendants that are relevant to the litigation sought to be coordinated herein.

3. Lacks sufficient information to admit or deny the allegations in Paragraph 3 of Plaintiff Woods' motion concerning the devices at issue in his lawsuit.

4. Admits that Plaintiff Woods has alleged the devices at issue in his lawsuit, and in all proposed coordinated cases, are unreasonably dangerous.

5. Admits that coordination and consolidation of the named cases, and other anticipated related cases, is appropriate to conserve judicial resources.

4

6. Responding to Paragraph 6 of Plaintiff Woods' Motion, incorporates by reference the list of known related cases set forth above.

7. Admits that it is likely that additional related cases will be filed throughout the United States.

8. Admits that this litigation is appropriate for Multidistrict Litigation coordination and consolidation.

9. Denies that Puerto Rico or the Northern District of California are the best suited jurisdictions for the coordination and consolidation of this litigation.

Wherefore Plaintiff Kesti respectfully requests the Panel to coordinate and consolidate the pending actions, along with such other related tag along actions as may be filed in the future, in the United States District Court for the District of Minnesota.

Dated:    5/07

ZIMMERMAN REED P.L.L.P.

By:

Charles S. Zimmerman - MN #120054
Ronald S. Goldser – MN #35932
Robert R. Hopper – MN # 208760
Stacy K. Hauer – MN # 317093
651 Nicollet Mall, Suite 501
Minneapolis, Minnesota 55402
(612) 341-0400

Attorneys for Plaintiff Kesti

5

# EXHIBIT A

Civil Name Search Results
16 Total Case matches for selection MEDTRONIC PUERTO RICO OPERATIONS CO after 10/01/2007 for ALL COURTS
Mon Nov  5 13:17:13 2007

| Name | Court | Case No. | Filed | NOS | Closed |
|------|-------|----------|-------|-----|--------|
| MEDTRONIC PUERTO RICO OPERATIONS CO<br>Londo v. Medtronic Inc | lawdce | 6:2007cv01809 | 11/01/2007 | 365 | |
| MEDTRONIC PUERTO RICO OPERATIONS CO<br>Luisi et al v. Medtronic, Inc et al | mndce | 0:2007cv04250 | 10/15/2007 | 365 | |
| MEDTRONIC PUERTO RICO OPERATIONS CO.<br>Russell-Nelson et al v. Medtronic, Inc. et al | prdce | 3:2007cv01969 | 10/15/2007 | 365 | |
| MEDTRONIC PUERTO RICO OPERATIONS CO.<br>Wood v. Medtronic, Inc. et al | prdce | 3:2007cv01971 | 10/16/2007 | 365 | |
| MEDTRONIC PUERTO RICO OPERATIONS CO.<br>Santitoro et al v. Medtronic, Inc. et al | prdce | 3:2007cv01972 | 10/16/2007 | 365 | |
| MEDTRONIC PUERTO RICO OPERATIONS CO.<br>Black v. Medtronic, Inc. et al | prdce | 3:2007cv02014 | 10/24/2007 | 365 | |
| MEDTRONIC PUERTO RICO OPERATIONS CO.<br>Colon-Perez et al | prdce | 3:2007cv02021 | 10/25/2007 | 365 | |
| MEDTRONIC PUERTO RICO OPERATIONS CO.<br>Storms v. Medtronic, Inc. et al | prdce | 3:2007cv02049 | 11/02/2007 | 365 | |
| MEDTRONIC PUERTO RICO OPERATIONS CO.<br>Phaup, Jr. v. Medtronic, Inc. et al | prdce | 3:2007cv02050 | 11/02/2007 | 365 | |
| MEDTRONIC PUERTO RICO OPERATIONS CO.<br>Conway et al v. Medtronic, Inc. et al | mndce | 0:2007cv04270 | 10/16/2007 | 365 | |
| MEDTRONIC PUERTO RICO OPERATIONS CO.<br>White v. Medtronic, Inc. et al | mndce | 0:2007cv04412 | 10/29/2007 | 365 | |
| MEDTRONIC PUERTO RICO OPERATIONS CO.<br>Kesti v. Medtronic, Inc. et al | mndce | 0:2007cv04442 | 10/31/2007 | 365 | |
| MEDTRONIC PUERTO RICO OPERATIONS CO.<br>Carlile v. Medtronic, Inc. et al | mowdce | 5:2007cv06110 | 10/19/2007 | 365 | |
| MEDTRONIC PUERTO RICO OPERATIONS CO.<br>Trosclair v. Medtronic, Inc. et al | laedce | 2:2007cv07565 | 10/29/2007 | 365 | |
| MEDTRONIC PUERTO RICO OPERATIONS CO.<br>North v. Medtronic, Inc. et al | flsdce | 1:2007cv22764 | 10/19/2007 | 370 | |
| MEDTRONIC PUERTO RICO OPERATIONS CO.<br>Wardwell v. Medtronic, Inc. et al | flsdce | 9:2007cv81034 | 11/02/2007 | 370 | |

# EXHIBIT D

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE: Medtronic, Inc., Sprint Fidelis Leads              MDL Docket No. 1905
Products Liability Litigation
_____/

**PLAINTIFFS' MOTION FOR TRANSFER OF ACTIONS TO THE SOUTHERN
DISTRICT OF FLORIDA FOR COORDINATED PROCEEDINGS
PURSUANT TO 28 U.S.C. §1407**

Pursuant to 28 U.S.C. §1407 and the Rules of Procedure on Multidistrict Litigation, Plaintiff

Linda J. White in the action styled *Linda J. White, on behalf of herself and all others similarly*

*situated v. Medtronic, Inc., et al.,* Case No. 07-04412-RHK-JSM, United States District Court for

the District of Minnesota and Plaintiff Doug Venning in the action styled, *Doug Venning, on behalf*

*of himself and all others similarly situated v. Medtronic, Inc., et al.,* Case No. 07-81056-KAM,

United States District Court for the Southern District of Florida ("Plaintiffs" or "Movants"), file this

Motion and respectfully move the Panel for an Order transferring all related pending actions, as well

as any subsequently filed cases asserting similar or related claims against Medtronic, Inc., Medtronic

Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co., and their related partners, affiliates

and subsidiaries (the "Defendants"), including the actions listed on the Schedule of Actions, to the

Southern District of Florida for coordinated pretrial proceedings.

As set forth below and in the accompanying Brief in Support of Plaintiffs' Motion for Transfer of Actions to the Southern District of Florida for Coordinated Proceedings Pursuant to 28 U.S.C. §1407 ("Brief"), Movants believe the actions listed on the accompanying Schedule of Actions, and any future tag-along actions, satisfy the requirements for consolidation and coordination because they concern common questions of fact and law and consolidation or coordination will serve the interests of efficiency and convenience.

In support of this motion, Movants state as follows:

1.    Movants are the plaintiffs in the following cases: *Linda J. White, on behalf of herself and all others similarly situated v. Medtronic, Inc., et al., Case No. 07-04412-RHK-JSM* and *Doug Venning, on behalf of himself and all others similarly situated v. Medtronic, Inc., et al., Case No. 07-81056-KAM,* which are currently pending in the United States District Court for the District of Minnesota and the United States District Court for the Southern District of Florida, respectively.

2.    Movants are currently aware of twenty-six pending class actions containing similar factual allegations and seeking similar relief against the Defendants. A description of each of these is contained in the Brief.

3.    Additionally, accompanying Movants' Motion is a Rule 7.2(a)(ii) Schedule of Actions listing all related actions of which Movants are aware. True and correct copies of the complaint in Movants' actions and the complaints in each of the related actions are attached to the accompanying Schedule of Actions, filed herewith.

4.    As described in greater detail in the accompanying Brief, all of the related actions contain similar allegations regarding Defendants and their design, manufacture, marketing and distribution of defective Sprint Fidelis leads. Each action contends that at all relevant times, Defendants entered into the stream of commerce defective Sprint Fidelis leads to be used for

implantation with implantable cardiac devices ("ICDs") for patients with various heart arrhythmias that require such treatment. Due to their defective design and manufacture, the Sprint Fidelis leads can cause serious physical trauma and/or death. As a result of being implanted with the defective and hazardous leads, Movants and other members of the putative Class suffered damages, including but not limited to injunctive, compensatory, equitable, statutory and punitive relief. In addition, Movants and the Class seek declaratory relief and a medical monitoring program for class members who are implanted with the defective leads.

5.     Each action further contends that Defendants know or should have known and have admitted that the Sprint Fidelis leads produced by Defendants until October 15, 2007 are defective and can fracture, leading to malfunction in the transmission of the electric signal from the ICD to the patient's heart, which can cause serious physical trauma and/or death. As a result, on October 15, 2007, Defendants initiated a recall of all un-implanted Sprint Fidelis leads. Additionally, the recall urged individuals who have been planted with Sprint Fidelis leads to contact their physicians.

6.     A centralization of all actions in the Southern District of Florida will be for the convenience of parties and witnesses under 28 U.S.C. §1407 and will save Defendants the burden of having to defend virtually identical actions in multiple states. Witnesses will also be spared the possibility of being required to testify in several locales.

7.     Because each of these related cases arises from a virtually identical set of operative facts relating to Defendants' conduct, discovery conducted in each of the actions proposed for consolidation will be substantially similar and will involve the same or similar documents and witnesses.

8.     Absent transfer of all of these cases to a single forum for coordinated and consolidated proceedings, there is a substantial risk of inconsistent pretrial rulings on discovery and

other key issues, such as class certification.  Coordination and consolidation will promote the just and efficient conduct of the actions, because it will allow one court to address Defendants' conduct.

9.      Centralization in the Southern District of Florida will also promote the just and efficient conduct of this litigation under 28 U.S.C. §1407 as more fully set forth in the attached Brief.

10.     These actions have all been filed on or after October 15, 2007 and are still in their nascent stages.  Movants are not aware of any discovery conducted to date, and know of no initial disclosures that have been made in any of these cases.  Indeed, in many of the related actions, stays of pending deadlines have been entered until the Panel issues an order on the motions seeking transfer and coordination under 28 U.S.C. §1407. A transfer of these related cases will result in only one judge supervising discovery and resolving any subsequent motions, including motions for class certification.

11.     Since all actions are in the beginning stage of litigation, no prejudice or inconvenience would result from transfer, coordination and/or consolidation.

12.     A comparison of the relative MDL case loads of potential transferee districts demonstrates that the Southern District of Florida is a highly suitable forum.  According to the Distribution of Pending MDL Dockets as of November 6, 2007, there is only 1 pending MDL proceeding in the Southern District of Florida, and numerous judges who have the experience to handle MDLs.[1]

13.     For these reasons and as set forth more fully in the accompanying Brief, Movants respectfully request that the Panel enter an Order consolidating and coordinating the actions

---

[1]      Distribution of Pending MDL Dockets, available at *http://www.jpml.uscourts.gov/ MDL_Information/PendingMDL-November-07.pdf,* last visited on November 16, 2007.

4

identified on the accompanying Schedule together with any related actions subsequently filed or

presently unknown to Movants for proceedings in the Southern District of Florida.

Dated:   November 16, 2007

Respectfully submitted,

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP

*EAl*

By: _____

Jack Reise
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL  33432-4809
(561) 750-3000 Phone
(561) 750-3364 Fax

*Counsel for Plaintiffs White and Venning*

5

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE:  Medtronic, Inc., Sprint Fidelis Leads
Products Liability Litigation                          MDL Docket No. 1905

_____/

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR TRANSFER OF ACTIONS
TO THE SOUTHERN DISTRICT OF FLORIDA FOR COORDINATED
PROCEEDINGS PURSUANT TO 28 U.S.C. §1407**

Pursuant to 28 U.S.C. §1407 and the Rules of Procedure on Multidistrict Litigation, Plaintiff

Linda J. White in the action styled *Linda J. White, on behalf of herself and all others similarly

situated v. Medtronic, Inc., et al.,* Case No. 0:07-cv-04412-RHK-JSM, United States District Court

for the District of Minnesota, and Plaintiff Doug Venning in the action styled, *Doug Venning, on

behalf of himself and all others similarly situated v. Medtronic, Inc., et al.,* Case No. 07-81056-

KAM, United States District Court for the Southern District of Florida ("Plaintiffs" or "Movants"),

respectfully submit this Brief in Support of Plaintiffs' Motion for Transfer of Actions to the

Southern District of Florida for Coordinated Proceedings Pursuant to 28 U.S.C. §1407.  For the

reasons set forth below, Movants' lawsuit and the related lawsuits identified in the accompanying

Schedule of Actions should be transferred to the Southern District of Florida for coordinated pretrial

proceedings.

## I.    Introduction

Movants and the plaintiffs in all of the related actions bring their class actions to remedy the harm caused by the defective Sprint Fidelis leads designed, manufactured and placed into the stream of commerce by Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co., and their related partners, affiliates and subsidiaries (collectively, "Medtronic" or "Defendants"). Defendants are the designers and manufacturers of the defective Sprint Fidelis leads (model numbers 6949, 6948, 6931 and 6930) (the "leads"). Defendants marketed and distributed the leads to hospitals and doctors, where they were implanted in patients. Medtronic has estimated that approximately 268,000 Sprint Fidelis leads have been implanted worldwide.

Medtronic designed, manufactured, marketed, advertised and warranted the Sprint Fidelis leads. In conjunction with each sale, Medtronic marketed, advertised and warranted that the leads were fit for the ordinary purpose for which such goods are used; to be used in conjunction with implantable cardiac devices ("ICDs") to monitor the heart's rhythm, to pace the heart's rhythm, and to administer an electric shock when necessary. Defendants further marketed, advertised and warranted that the leads were free from defects. Defendants produced the Sprint Fidelis leads intending that they would be implanted along with an ICD in patients who have arrhythmias or irregular heartbeats. Medtronic targeted the leads for implantation in patients who require an ICD to put their heart back into an appropriate cardiac rhythm. The Sprint Fidelis leads were placed in the stream of commerce by Defendants, distributed, offered for sale, and sold to Plaintiffs and other patients in Florida and throughout the United States.

During the Class Period, Defendants entered into the stream of commerce defective Sprint Fidelis leads. Although these leads were marketed as "state of the art," they are prone to fracture. Fractures in the leads can cause a malfunction in the transmission of the electrical signal from the ICD to the patient's heart, which can result in serious physical trauma and/or death. On October 15,

2007, Medtronic initiated a recall of all un-implanted Sprint Fidelis leads, citing several deaths related to the leads and recommending that patients with these leads be monitored.

The dangerous conduct of Defendants in manufacturing, marketing, and/or distributing hundreds of thousands of defective Sprint Fidelis leads during the Class Period has reasonably caused anxiety and fear among patients who have been implanted with the defective leads, as well as their family members. As a result of the defect in the Sprint Fidelis leads, Plaintiffs and other members of the putative Class have suffered damages, including but not limited to, injunctive, compensatory, equitable, statutory and punitive relief. In addition, Movants and the Class seek declaratory relief and a medical monitoring program for class members who are implanted with the defective leads.

Defendants know and have admitted that certain of the leads produced by the Defendants prior to October 15, 2007 are defective and could cause injury and death to the individuals who have been implanted with them. This knowledge is evidenced by the physician advisory letter issued by Medtronic on March 21, 2007, in which Medtronic warned physicians of higher than normal conductor fracture rates in the Sprint Fidelis leads and claimed that it was investigating reports of lead failures. Moreover, Defendants' knowledge of the defective leads is also evidenced by the Class 1 recall of the leads initiated by Defendants on October 15, 2007.

## II.    History of the Pending Lawsuits

The related actions, identified in the accompanying Schedule of Actions, present common questions of law and fact, and many common defendants. Transfer and consolidation of all existing actions, and all subsequently filed related cases, to the Southern District of Florida will best serve the

convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

A description of each related action is contained in the chart below.[1]

| Case # | Date Filed | Court | Plaintiff(s) | Defendant(s) | Claims |
|--------|-----------|-------|--------------|--------------|--------|
| 07cv4250 | 10/15/07 | MN | Kelly Luisi, Len J. Stavish | Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co. | • Products Liability<br>• Breached of Implied Warranty<br>• Negligence<br>• Intentional Infliction of Emotional Distress<br>• Negligent Infliction of Emotional Distress<br>• Violation of Consumer Protection Statutes<br>• Breach of Express Warranties<br>• Violation of Minnesota Prevention of Consumer Fraud Act<br>• Unjust Enrichment<br>• Declaratory Relief and Medical Monitoring |
| 07cv1969 | 10/15/07 | PR | George Russell-Nelson, Annabelle Anastas, and Donald and Misty Tucker | Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co. | • Products Liability<br>• Breach of Implied Warranty<br>• Negligence<br>• Intentional Infliction of Emotional Distress<br>• Negligent Infliction of Emotional Distress<br>• Violation of Consumer Protection Statutes<br>• Violation of the Minnesota Prevention of Consumer Fraud Act<br>• Under the Senior Citizen and Handicapped Person Consumer Fraud Act Minnesota Statute 325F.71<br>• Negligent Misrepresentation<br>• Loss of Consortium |
| 07cv4270 | 10/16/07 | MN | Harvey Lee Conway, Jr., John Paul | Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic | • Strict Liability<br>• Breach of Implied Warranty |

[1]     In addition, Plaintiffs are aware that two motions for transfer pursuant to 28 U.S.C. §1407 have already been filed with the Panel and an MDL docket number has been assigned to this litigation.

4

| Case # | Date Filed | Court | Plaintiff(s) | Defendant(s) | Claims |
|--------|-----------|-------|-------------|-------------|--------|
| | | | Miller, and Charles Peterson, Jr. | Puerto Rico Operations Co. | • Negligence<br>• Intentional Infliction of Emotional Distress<br>• Negligent Infliction of Emotional Distress<br>• Violation of Consumer Protection Statutes<br>• Breach of Express Warranties<br>• Violation of the Minnesota Prevention of Consumer Fraud Act<br>• Unjust Enrichment<br>• Declaratory Relief and Medical Monitoring |
| 07cv1972 | 10/16/07 | PR | Frederick Santitoro and Richard Kinney | Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co. | • Products Liability<br>• Breached of Implied Warranty<br>• Negligence<br>• Intentional Infliction of Emotional Distress<br>• Negligent Infliction of Emotional Distress<br>• Violation of Consumer Protection Statutes<br>• Breach of Express Warranties<br>• Violation of the Minnesota Prevention of Consumer Fraud Act<br>• Unjust Enrichment<br>• Declaratory Relief and Medical Monitoring |
| 07cv1971 | 10/16/07 | PR | David Wood | Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co. | • Products Liability<br>• Breached of Implied Warranty<br>• Negligence<br>• Intentional Infliction of Emotional Distress<br>• Negligent Infliction of Emotional Distress<br>• Violation of Consumer Protection Statutes<br>• Violation of the Minnesota Prevention of Consumer Fraud Act<br>• Under the Senior Citizen and Handicapped Person Consumer Fraud Act Minnesota Statute 325F.71<br>• Negligent Misrepresentation |

| Case # | Date Filed | Court | Plaintiff(s) | Defendant(s) | Claims |
|---|---|---|---|---|---|
| | | | | | • Medical Monitoring |
| 07cv5352 | 10/19/07 | CA N.D. | Jeneane Baque | Medtronic, Inc. | • Products Liability<br>• Breach of Implied Warranty<br>• Negligence<br>• Intentional Infliction of Emotional Distress<br>• Negligent Infliction of Emotional Distress<br>• Violation of Consumer Protection Statutes<br>• Breach of Express Warranties<br>• Unjust Enrichment<br>• Declaratory Relief and Medical Monitoring |
| 07cv22768 | 10/19/07 | FL S.D. | Eugene Clasby | Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co. | • Products Liability<br>• Breach of Implied Warranty<br>• Negligence<br>• Intentional Infliction of Emotional Distress<br>• Negligent Infliction of Emotional Distress<br>• Violation of Consumer Protection Statutes<br>• Breach of Express Warranties<br>• Violation of the Minnesota Prevention of Consumer Fraud Act<br>• Unjust Enrichment<br>• Declaratory Relief and Medical Monitoring |
| 07cv22764 | 10/19/07 | FL S.D. | John North | Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co. | • Products Liability<br>• Breach of Implied Warranty<br>• Negligence<br>• Intentional Infliction of Emotional Distress<br>• Negligent Infliction of Emotional Distress<br>• Violation of Consumer Protection Statutes<br>• Breach of Express Warranties<br>• Violation of the Minnesota Prevention of Consumer Fraud Act<br>• Unjust Enrichment<br>• Declaratory Relief and Medical Monitoring |
| 07cv6110 | 10/19/07 | MO W.D. | Kenneth Carlile | Medtronic, Inc., Medtronic Puerto Rico, | • Negligence Against All Defendants |

6

| Case # | Date Filed | Court | Plaintiff(s) | Defendant(s) | Claims |
|---|---|---|---|---|---|
| | | | | Inc., and Medtronic Puerto Rico Operations Co. | • Strict Liability: Product Defect Against All Defendants<br>• Strict Liability: Failure to Warn Against All Defendants<br>• Breach of Express Warranty Against All Defendants<br>• Breach of Implied Warranty Against All Defendants<br>• Violation of the Missouri Merchandising Practices Act |
| 07cv2014 | 10/24/07 | PR | Norman Black | Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co. | • Products Liability<br>• Breach of Implied Warranty<br>• Negligence<br>• Intentional Infliction of Emotional Distress<br>• Negligent Infliction of Emotional Distress<br>• Violation of Consumer Protection Statutes<br>• Breach of Express Warranties<br>• Violation of Minnesota Prevention of Consumer Fraud Act<br>• Under the Senior Citizen and Handicapped Person Consumer Fraud Act Minnesota Statute 325F.71<br>• Negligent Misrepresentation<br>• Unjust Enrichment<br>• Declaratory Relief and Medical Monitoring<br>• Loss of Consortium |
| 07cv2021 | 10/25/07 | PR | Gilberto Colon-Perez - Luis E. Alfonso-Diaz, Lorenzo Aponte-Matos, Marigloria Campo, Pedro J Campo-Collazo, Pedro S. Cintron, Conjugal Partnership Campo-Garcia, Conjugal Partnership Martinez-Rivera, | Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co. | • Products Liability<br>• Breach of Implied Warranty<br>• Negligence<br>• Intentional Infliction of Emotional Distress<br>• Negligent Infliction of Emotional Distress<br>• Violation of Consumer Protection Statutes<br>• Violation of the Minnesota Prevention of Consumer Fraud Act<br>• Under the Senior Citizen and Handicapped person Consumer Fraud Act Minnesota Statute 325F.71<br>• Negligent Misrepresentation |

| Case # | Date Filed | Court | Plaintiff(s) | Defendant(s) | Claims |
|---|---|---|---|---|---|
| | | | Conjugal Partnership Martinez-Rivera, Conjugal Partnership Velez-Lugo, Conjugal Partnership Verzura, Conjugal Partnership Viera-Felix, Conjugal partnership Morales-Ortiz, Heriberto Esqueldo, Francisca Felix, Nereida Garcia-Martinez, Ruiz Dael Gonzalez-Sierra, Humberto Hugobono, Wilfredo Izquierdo-Rodriguez, Richard F. Lee, Maria Lugo-Hernandez, Luis Martinez, Wilfredo Martinez, Luis H. Martinez-Rivera, Charles Martinez-Suarez, Suzanne Martinez-Suarez, Wilfredo Martinez-Suarez, Maria E. Mojica-Mojica, Luciano Morales-Rodriguez, Luz Nereida Ortiz, Santiago Ortiz-Castro, Rosa Otero-Rivera, Gloria Pacheco, | | • Loss of Consortium |

| Case # | Date Filed | Court | Plaintiff(s) | Defendant(s) | Claims |
|---|---|---|---|---|---|
| | | | Jose B. Patovani-Flores, David Ramos, Antonio Rivera, Aurea Rivera, Aurea Rivera-Bermudez, Jose Luis Rivera-Fernandez, Pedro Rodriguez, Carolee Serrano-Rosario, Manuel Soto-Rodriguez, Ruth Suarez, Juan Torres-Quinones, Primitivo Velez-Santana, Rita Verzura, Vlto Verzura, Ramon Viera | | |
| 07cv7565 | 10/29/07 | La E.D. | Keith Paul Trosclair | Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Co. | • Products Liability<br>• Breach of Implied Warranty<br>• Negligence<br>• Intentional Infliction of Emotional Distress<br>• Negligent Infliction of Emotional Distress<br>• Violation of Consumer Protection Statutes<br>• Negligent Misrepresentation<br>• Medical Monitoring |
| 07cv4412 | 10/29/07 | MN | Linda J. White | Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Co. | • Strict Products Liability<br>• Breached of Implied Warranty<br>• Negligence<br>• Intentional Infliction of Emotional Distress<br>• Negligent Infliction of Emotional Distress<br>• Violation of Consumer Protection Statutes<br>• Breach of Express Warranties<br>• Violation of Minnesota Prevention of Consumer Fraud Act<br>• Unjust Enrichment<br>• Declaratory Relief and |

9

| Case # | Date Filed | Court | Plaintiff(s) | Defendant(s) | Claims |
|---|---|---|---|---|---|
| | | | | | Medical Monitoring |
| 07cv4442 | 10/31/07 | MN | Rodney C. Kesti | Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Co. | • Strict Products Liability – Design Defect<br>• Strict Products Liability – Failure to Warn<br>• Negligence<br>• Breach of Implied Warranty<br>• Breach of Express Warranties<br>• Intentional Infliction of Emotional Distress<br>• Negligent Infliction of Emotional Distress<br>• Violation of Consumer Protection Statutes<br>• Unjust Enrichment |
| 07cv1809 | 11/01/07 | LA W.D. | Mattie Ley Johnson Londo | Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Co. | • Products Liability<br>• Breach of Implied Warranty<br>• Negligence<br>• Intentional Infliction of Emotional Distress<br>• Negligent Infliction of Emotional Distress<br>• Violation of Consumer Protection Statutes<br>• Negligent Misrepresentation<br>• Medical Monitoring |
| 07cv81034 | 11/02/07 | FL S.D. | Mary M. Wardwell as personal rep. of the estate of David P. Wardwell | Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Co. | • Strict Products Liability<br>• Breach of Implied Warranty<br>• Negligence<br>• Intentional Infliction of Emotional Distress<br>• Negligent Infliction of Emotional Distress<br>• Violation of Consumer Protection Statutes<br>• Breach of Express Warranties<br>• Unjust Enrichment<br>• Declaratory Relief and Medical Monitoring |
| 07cv2049 | 11/02/07 | PR | William E. Storms | Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Co. | • Products Liability<br>• Breach of Implied Warranty<br>• Negligence<br>• Intentional Infliction of Emotional Distress<br>• Negligent Infliction of Emotional Distress<br>• Violation of Consumer |

| Case # | Date Filed | Court | Plaintiff(s) | Defendant(s) | Claims |
|---|---|---|---|---|---|
| | | | | | Protection Statutes<br>• Breach of Express Warranties<br>• Unjust Enrichment<br>• Battery<br>• Negligent Misrepresentation<br>• Negligent Misrepresentation |
| 07cv2050 | 11/02/07 | PR | Gerald Phaup, Jr. | Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Co. | • Products Liability<br>• Breach of Implied Warranty<br>• Negligence<br>• Intentional Infliction of Emotional Distress<br>• Negligent Infliction of Emotional Distress<br>• Violation of Consumer Protection Statutes<br>• Violation of the Minnesota Prevention of Consumer Fraud Act<br>• Negligent Misrepresentation |
| 07cv4528 | 11/05/07 | MN | Jesse Noonan | Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Co. | • Strict Liability<br>• Breach of Express Warranty<br>• Breach of Implied Warranty<br>• Negligence<br>• Intentional Infliction of Emotional Distress<br>• Negligent Infliction of Emotional Distress<br>• Violation of Consumer Protection Statutes<br>• Declaratory Relief and Medical Monitoring<br>• Violation of the Minnesota Prevention of Consumer Fraud Act<br>• Unjust Enrichment |
| 07cv81056 | 11/07/07 | FL S.D. | Doug Venning | Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Co. | • Strict Products Liability<br>• Breach of Implied Warranty<br>• Negligence<br>• Intentional Infliction of Emotional Distress<br>• Negligent Infliction of Emotional Distress<br>• Violation of Consumer Protection Statutes<br>• Breach of Express Warranties<br>• Unjust Enrichment |

11

| Case # | Date Filed | Court | Plaintiff(s) | Defendant(s) | Claims |
|--------|-----------|-------|--------------|--------------|--------|
| | | | | | • Declaratory Relief and Medical Monitoring |
| 07cv2064 | 11/07/07 | PR | Carlos Milan, Sharyn Hiergesell, William Weninger, John Ferrill, Ralph Judson, Diane Charette, Margaret W. Wagner, Alvin Lawson, Betty Wingo, Edward Marks, Stephen Andrews, Kimberly Ward, Dennis Lewis, Nancy Summers, Therman Barclay, Patricia Bradley | Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Co. | • Products Liability<br>• Breach of Implied Warranty<br>• Negligence<br>• Intentional Infliction of Emotional Distress<br>• Negligent Infliction of Emotional Distress<br>• Violation of Consumer Protection Statutes<br>• Violation of the Minnesota Prevention of Consumer Fraud Act<br>• Negligent Misrepresentation |
| 07cv2542 | 11/08/07 | KS | Phillip S. Brown | Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Co. | • Negligence Against All Defendants<br>• Strict Liability: Product Defect Against All Defendants<br>• Strict Liability: Failure to Warn Against All Defendants<br>• Breach of Express Warranty Against All Defendants<br>• Breach of Implied Warranty Against All Defendants<br>• Violation of Kansas Consumer Protection Act |
| 07cv5697 | 11/08/07 | CA N.D. | Willie West, Pamela West | Medtronic Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Company | * Copy of complaint is pending |
| 07cv8441 | 11/09/07 | LA E.D. | Henry J. Theriot, Earline B. Theriot | Medtronic Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Company | • Products Liability<br>• Breach of Implied Warranty<br>• Negligence<br>• Intentional Infliction of Emotional Distress<br>• Negligent Infliction of Emotional Distress<br>• Violation of Consumer Protection Statutes<br>• Breach of Express Warranties |

| Case # | Date Filed | Court | Plaintiff(s) | Defendant(s) | Claims |
|---|---|---|---|---|---|
|  |  |  |  |  | • Violation of Minnesota Prevention of Consumer Fraud Act<br>• Under Senior Citizen and Handicapped Person Consumer Fraud Act Minnesota Statute 325F.71<br>• Negligent Misrepresentation<br>• Unjust Enrichment<br>• Loss of Consortium and "LeJeune" Damages |
| 07cv1889 | 11/13/07 | LA W.D. | Dianna Sonnier | Medtronic Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Company | • Products Liability<br>• Breach of Implied Warranty<br>• Negligence<br>• Intentional Infliction of Emotional Distress<br>• Negligent Infliction of Emotional Distress<br>• Violation of Consumer Protection Statutes<br>• Breach of Express Warranties<br>• Unjust Enrichment<br>• Declaratory Relief and Medical Monitoring |
| 07cv1902 | 11/14/07 | LA W.D. | Randall Stone | Medtronic Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Company | • Products Liability<br>• Breach of Implied Warranty<br>• Negligence<br>• Intentional Infliction of Emotional Distress<br>• Negligent Infliction of Emotional Distress<br>• Violation of Consumer Protection Statutes<br>• Breach of Express Warranties<br>• Unjust Enrichment<br>• Declaratory Relief and Medical Monitoring |

## III.    Argument

In light of the facts outlined above, and the jurisprudence regarding multidistrict litigation set forth below, these cases should be centralized in the United States District of Court for the Southern District of Florida. Transfer and consolidation is essential to permit the efficient and non-duplicative

13

handling of these cases and the Southern District of Florida is the most appropriate venue for this multidistrict litigation.

**A.    The Similarity of These Class Actions Warrants Coordination and Consolidation**

28 U.S.C. §1407(a) authorizes the transfer of multiple civil actions pending in various federal districts to a single federal district court when the actions involve "one or more common questions of fact. . . ."  Moreover, centralization and transfer is necessary "in order to eliminate duplicative discovery; prevent inconsistent rulings on pretrial motions, including those with respect to whether the actions should proceed as [class actions]...." *In re StarMed Health Pers., Inc., Fair Labor Stds. Act Litig.*, 317 F. Supp. 2d 1380, 1381 (J.P.M.L. 2004); *see also In re Comp. of Managerial, Prof'l & Tech. Employees Antitrust Litig.*, 206 F. Supp. 2d 1374, 1375 (J.P.M.L. 2002) (noting that centralization is "necessary in order to. . .prevent inconsistent pretrial rulings (especially with regard to class certification issues")).

The requirements for transfer under §1407 are easily satisfied here.  As discussed above, each of the pending individual cases: (i) purport to represent large classes of individuals and/or entities who were damaged by defective Sprint Fidelis leads designed, manufactured, marketed, advertised and/or distributed by the Defendants; (ii) assert the same or similar claims against the Defendants; and (iii) seek to recover losses based upon those damages caused by the Defendants.  To separately litigate each pending case would waste resources and present the danger of inconsistent pretrial rulings.  Consolidation of these cases is particularly critical because these related actions seek class action status on behalf of the same or overlapping classes and, as a result, there is a significant potential for conflicting or inconsistent rulings on class certification issues.  Accordingly, centralization and consolidation pursuant to 28 U.S.C. §1407 is warranted.

14

The consolidation and transfer of these cases would promote further efficient adjudication of these actions. As the class actions alleged in these related cases are similar if not identical, the discovery needed in each of these pending cases will unquestionably be duplicative. To have the parties engaged in duplicative discovery in multiple complex class actions would be singularly inefficient and an unnecessary burden on the judicial system and the parties. These factors all weigh heavily in favor of consolidating and coordinating these cases.

**B.    The Southern District of Florida Is the Proper Forum for These Coordinated Proceedings**

Numerous factors may be considered by the Panel in determining the most appropriate transferee forum, including "convenience of the parties and witnesses." *See In re Computervision Corp. Sec. Litig.*, 814 F. Supp. 85 (J.P.M.L. 1993). When numerous related actions are widely dispersed throughout the country, the Panel has held that transfer to a district that provides a "logical situs in regard to the geographic dispersal of the constituent and potential tag-along actions" is appropriate. *See In re Bausch & Lomb Inc., Contact Lens Solution Prods. Liab. Litig.*, 444 F. Supp. 2d 1336, 1338 (J.P.M.L. 2006). In determining which district is the appropriate forum or logical situs for centralization of the related but geographically dispersed actions, the Panel has considered whether the proposed transfer district "is an accessible, geographically central metropolitan district that (i) is not currently taxed with other multidistrict dockets, and (ii) enjoys general caseload conditions permitting the Panel to effect the *Section 1407* assignment to a court with the present resources to devote substantial time to pretrial matters that this complex docket is likely to require." *See In re Inter-Op Hip Prosthesis Prods. Liab. Litig.*, 149 F. Supp. 2d 931, 933-934 (J.P.M.L. 2001).

Here, the balance of relevant factors weighs strongly in favor of transferring these actions to the Southern District of Florida due to its central location for plaintiffs in the numerous actions, presence of Defendants through its subsidiary Medtronic USA, Inc., various methods of

transportation, accessibility to all regions of the country, experience in handling multidistrict litigation proceedings, and lack of pending MDL cases.

### 1. The Southern District of Florida Is the Most Appropriate Forum for the Parties and Witnesses

Here, the related actions filed against Defendants, as well as potential tag-along actions are geographically disbursed. There are twenty-six cases currently pending in district courts around the country. Of these actions, eight are pending in the District of Puerto Rico, five are pending in the District of Minnesota, four are pending in the Southern District of Florida, two are pending in the Eastern District of Louisiana, three are pending in the Western District of Louisiana, one is pending in the District of Kansas, two are pending in the Northern District of California, and one is pending in the Western District of Missouri. While no one district contains a majority of the actions, nineteen of the twenty-six actions were filed in states located in the southern region of the United States within close proximity to the Southern District of Florida. Accordingly, the Southern District of Florida is the most convenient forum for the majority of the Plaintiffs in the related actions.

The Southern District of Florida would also be a suitable forum for Defendants. Upon information and belief, Defendants conduct business, and potentially have caused damages to purported class members, in all fifty states as Sprint Fidelis leads were distributed to hospitals and doctors nationwide. Medtronic also maintains a subsidiary in the Southern District of Florida, Medtronic USA, Inc. which handles Latin American operations for the company. In addition to being a centrally located forum for all parties, the presence of a subsidiary in the Southern District of Florida makes this district convenient for Defendants. As a result, the Southern District of Florida is the "logical situs" for centralization and coordination of these proceedings.

16

### 2.    The Accessibility of the Southern District of Florida Warrants Transfer

While there will be a large number of class members residing in Florida, Movants anticipate the parties to this litigation will come from all across the country and not one centralized region. As detailed above, the Southern District of Florida is a very accessible district for the vast majority of Plaintiffs in the related actions. Those parties residing outside of Florida will find the courthouses in the Southern District of Florida convenient and accessible by all forms of transportation. The multiple federal courthouses in the Southern District of Florida—in, among other places, Miami, Fort Lauderdale and West Palm Beach—are all in very close proximity to airports that have direct flights on many airlines to numerous cities across the United States. Indeed, within the Southern District of Florida, there are two large airport hubs and one medium airport hub offering a multitude of flights.[2] Traveling from the airport to the courthouse is also simple due to the varieties of ground transportation available. See *In re Comp. of Managerial, Prof'l & Tech. Employees Antitrust Litig.*, 206 F. Supp. 2d at 1375 (transferring cases to a district that the Panel noted was an "accessible" metropolitan location that is geographically convenient for litigants and counsel). Accordingly, the accessibility factor favors transfer of the related actions to the Southern District of Florida.

### 3.    The Southern District of Florida Has the Capacity and Expertise to Handle These Related Cases

A comparison of the relative MDL case loads of potential transferee districts demonstrates that the Southern District of Florida is a highly suitable forum. The judges of the Southern District of Florida have vast experience in Multidistrict litigation, having brought to termination a total of

---

[2]    *Air Traffic Hubs*, U.S. Department of Transportation Research and Innovative Technology Administration Bureau of Transportation Statistics Geospatial Information Program, available at *http://www.bts.gov/programs/geographic_information_services/maps/hub_maps/2007/pdf/2007_Hu bs.pdf*, last visited on November 13, 2007.

twenty-four cases through September 30, 2007.[3]  Yet, as of November 6, 2007, the Southern District of Florida had only one pending proceeding.[4]  Thus, while the Southern District of Florida is well versed in the nuances of Multidistrict litigation, the Southern District of Florida "is not currently taxed with other multidistrict dockets."  *See Inter-Op Hip Prosthesis Prods. Liab. Litig.*, 149 F. Supp. at 933-934.  Thus, if these actions were transferred to the Southern District of Florida, it would not be overburdened with similar cases.

**C.    No Party is Prejudiced by the Transfer and Consolidation of These Lawsuits**

Each of these related lawsuits is in its infancy, as none of them were filed earlier than October 15, 2007.  To Movants' knowledge, no party has served discovery, filed disclosures or engaged in substantive motion practice regarding these lawsuits.  Indeed, in many of the related actions, stays of pending deadlines have been entered until the Panel issues an order on the motions seeking transfer and coordination under 28 U.S.C. §1407.  Because these related cases are all in their early stages, no party will be prejudiced by the transfer to the Southern District of Florida. Furthermore, since no discovery has occurred, an Order transferring these cases to the Southern District of Florida can truly eliminate the expenses associated with the duplicative discovery that would otherwise occur in District Courts across the country.

---

[3]    Multidistrict Litigation Terminated Through September 30, 2007, available at *http://www.jpml.uscourts.gov/Statistics/Terminated_Dockets_Through_September_2007.pdf*, last visited on November 12, 2007.

[4]    Distribution of Pending MDL Dockets, available at *http://www.jpml.uscourts.gov/ MDL_Information/PendingMDL-November-07.pdf*, last visited on November 16, 2007.

## IV.    CONCLUSION

For the reasons discussed above, the Movants respectfully request that the related actions identified on the accompanying Schedule of Actions, and any tag-along actions, be transferred to and consolidated in the Southern District of Florida.  Accordingly, the Movants respectfully request that this Panel enter an Order transferring the related actions, and any future related actions, to the Southern District of Florida.

Dated:  November 16, 2007

Respectfully submitted,

**COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP**

By: _____
Jack Reise
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL  33432-4809
(561) 750-3000 Phone
(561) 750-3364 Fax

*Counsel for Plaintiffs White and Venning*

19

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE:  Medtronic, Inc., Sprint Fidelis Leads
Products Liability Litigation                    MDL Docket No. 1905
_____/

**SCHEDULE OF ACTIONS**

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:** Jeneane Baque **Defendant:** Medtronic, Inc. | N.D. California | 07cv5352 | Judge Elizabeth D. Laporte |
| **Plaintiff:** Willie West, Pamela West **Defendant:** Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Company | N.D. California | 07cv5697 | Judge Maria-Elena James |
| **Plaintiff:** John North **Defendants:** Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co. | S.D. Florida | 07cv22764 | Judge William M. Hoeveler |
| **Plaintiff:** Eugene Clasby **Defendants:** Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co. | S.D. Florida | 07cv22768 | Judge Ursula Ungaro |
| **Plaintiffs:** Mary M. Wardwell as Personal Rep. of the Estate of David P. Wardwell **Defendants:** Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Co. | S.D. Florida | 07cv81034 | Judge Donald M. Middlebrooks |
| **Plaintiff:** Doug Venning **Defendants:** Medtronic, Inc., Medtronic Puerto | S.D. Florida | 07cv81056 | Judge Kenneth A. Marra |

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| Rico, Inc., Medtronic Puerto Rico Operations Co. | | | |
| **Plaintiff:** Phillip S. Brown **Defendants:** Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Co. | Kansas | 07cv2542 | Judge Carlos Murguia |
| **Plaintiff:** Mattie Ley Johnson Londo **Defendants:** Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Co. | W.D. Louisiana | 07cv1809 | Judge Rebecca F. Doherty |
| **Plaintiff:** Dianna Sonnier **Defendants:** Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Co. | W.D. Louisiana | 07cv1889 | Judge Tucker L. Melancon |
| **Plaintiff:** Randall Stone **Defendants:** Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Co. | W.D. Louisiana | 07cv1902 | Judge Robert G. James |
| **Plaintiff:** Keith Paul Trosclair **Defendants:** Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Co. | E.D. Louisiana | 07cv7565 | Judge Helen G. Berrigan |
| **Plaintiff:** Henry J. Theriot, Earline B. Theriot **Defendants:** Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Co. | E.D. Louisiana | 07cv8441 | Judge Eldon E. Fallon |
| **Plaintiffs:** Kelly Luisi, Len J. Stavish **Defendants:** Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico | D. Minnesota | 07cv4250 | Judge Richard H. Kyle |

2

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| Operations Co. | | | |
| **Plaintiffs:** Harvey Lee Conway, Jr., John Paul Miller, and Charles Peterson, Jr. **Defendants:** Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co. | D. Minnesota | 07cv4270 | Judge Richard H. Kyle |
| **Plaintiff:** Linda J. White **Defendants:** Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puertó Rico Operations Co. | D. Minnesota | 07cv4412 | Judge Richard H. Kyle |
| **Plaintiff:** Rodney C. Kesti **Defendants:** Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Co. | D. Minnesota | 07cv4442 | Judge Richard H. Kyle |
| **Plaintiff:** Jesse Noonan **Defendants:** Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Co. | D. Minnesota | 07cv4528 | Judge James M. Rosenbaum |
| **Plaintiff:** Kenneth Carlile **Defendants:** Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co. | W.D. Missouri | 07cv6110 | Judge Fernando J. Gaitan, Jr. |
| **Plaintiffs:** George Russell-Nelson, Annabelle Anastas, and Donald and Misty Tucker **Defendants:** Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co. | D. Puerto Rico | 07cv1969 | Judge Gustavo A. Gelpi |
| **Plaintiff:** David Wood **Defendants:** Medtronic, Inc., Medtronic Puerto | D. Puerto Rico | 07cv1971 | Judge Gustavo A. Gelpi |

3

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| Rico, Inc., and Medtronic Puerto Rico Operations Co. | | | |
| **Plaintiffs:** Frederick Santitoro and Richard Kinney **Defendants:** Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Co. | D. Puerto Rico | 07cv1972 | Judge Gustavo A. Gelpi |
| **Plaintiff:** Norman Black **Defendants:** Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co. | D. Puerto Rico | 07cv2014 | Judge Gustavo A. Gelpi |
| **Plaintiffs:** Gilberto Colon- Perez, Luis E. Alfonso-Diaz, Lorenzo Aponte-Matos, Marigloria Campo, Pedro J Campo-Collazo, Pedro S. Cintron, Conjugal Partnership Campo-Garcia, Conjugal Partnership Martinez-Rivera, Conjugal Partnership Martinez-Rivera, Conjugal Partnership Velez-Lugo, Conjugal Partnership Verzura, Conjugal Partnership Viera-Felix, Conjugal partnership Morales-Ortiz, Heriberto Esqueldo, Francisca Felix, Nereida Garcia-Martinez, Ruiz Dael Gonzalez-Sierra, Humberto Hugobono, Wilfredo Izquierdo-Rodriguez, Richard F. Lee, Maria Lugo-Hernandez, Luis Martinez, Wilfredo Martinez, Luis H. Martinez-Rivera, Charles Martinez-Suarez, Suzanne Martinez-Suarez, Wilfredo Martinez-Suarez, Maria E. Mojica-Mojica, Luciano Morales-Rodriguez, Luz Nereida Ortiz, Santiago Ortiz-Castro, Rosa Otero-Rivera, Gloria Pacheco, Jose B. Patovani-Flores, David Ramos, Antonio Rivera, Aurea Rivera, Aurea Rivera-Bermudez, Jose Luis Rivera-Fernandez, Pedro | D. Puerto Rico | 07cv2021 | Judge Gustavo A. Gelpi |

4

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| Rodriguez, Carolee Serrano-Rosario, Manuel Soto-Rodriguez, Ruth Suarez, Juan Torres-Quinones, Primitivo Velez-Santana, Rita Verzura, Vito Verzura, and Ramon Viera<br>**Defendants:**<br>Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co. | | | |

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:**<br>William E. Storms<br>**Defendants:**<br>Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Co. | D. Puerto Rico | 07cv2049 | Judge Carmen C. Cerezo |
| **Plaintiff:**<br>Gerald Phaup, Jr.<br>**Defendants:**<br>Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Co. | D. Puerto Rico | 07cv2050 | Judge Jay A. Garcia-Gregory |
| **Plaintiffs:**<br>Carlos Milan, Sharyn Hiergesell, William Weninger, John Ferrill, Ralph Judson, Diane Charette, Margaret W. Wagner, Alvin Lawson, Betty Wingo, Edward Marks, Stephen Andrews, Kimberly Ward, Dennis Lewis, Nancy Summers, Therman Barclay, Patricia Bradley<br>**Defendants:**<br>Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations Co. | D. Puerto Rico | 07cv2064 | Judge Gustavo A. Gelpi |

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE:  Medtronic, Inc., Sprint Fidelis Leads
Products Liability Litigation

MDL Docket No. 1905

_____/

**PROOF OF SERVICE**

I hereby certify that a copy of the foregoing Motion, Brief, Schedule of Actions and this

Certificate of Service was served by First Class Mail on November 16, 2007 to the following:

Clerk, Northern District California
San Francisco, CA

Clerk, Eastern District of Louisiana
New Orleans, LA

Clerk, Southern District Florida
Miami, FL

Clerk, District Court of Minnesota
Minneapolis, Minnesota

Clerk, Southern District Florida
West Palm Beach, FL

Clerk, Western District of Missouri
St. Joseph, MO

Clerk, District of Kansas
Kansas City, KS

Clerk, District of Puerto Rico
San Juan, Puerto Rico

Clerk, Western District of Louisiana
Lafayette, LA

| COUNSEL FOR PLAINTIFFS | PLAINTIFF | DISTRICT | CASE NO. |
|---|---|---|---|
| Donald S. Edgar<br>Jeremy R. Fietz<br>Rex Grady<br>Edgar Law Firm<br>408 College Avenue<br>Santa Rosa, CA 95401 | Jencane Baque | N.D.<br>California | 07-cv-5352 |
| Curtis Brooks Cutter<br>David L. Smith<br>Stuart C. Talley<br>Kershaw Cutter & Ratinoff, LLP<br>980 9th Street | William West and<br>Pamela West | N.D.<br>California | 07-5569? |

| COUNSEL FOR PLAINTIFFS | PLAINTIFF | DISTRICT | CASE NO. |
|---|---|---|---|
| 19th floor<br>Sacramento, CA 95814<br><br>Richard A. Lockridge<br>Robert K. Shelquist<br>Yvonne M. Flaherty<br>Lockridge Grindal Nauen PLLP<br>100 Washington Avenue South<br>Suite 2200<br>Minneapolis, MN 55401-2179 | | | |
| Richard J. Arsenault<br>Neblett Beard & Arsenault<br>2220 Bonaventure Court<br>Alexandria, LA 71301<br><br>Wendy R. Fleishman<br>Lieff Cabraser Heimann & Bernstein<br>780 3rd Avenue<br>48th Floor<br>New York, NY 10017-2024<br><br>Daniel E. Gustafson<br>Gustafson Gluek PLLC<br>608 Second Avenue South<br>725 Northstar East<br>Minneapolis, MN 55402<br><br>Lance August Harke<br>Harke & Clasby<br>155 S Miami Avenue<br>Suite 600<br>Miami, FL 33130 | John North | S.D. Florida | 07cv22764 |
| Howard Mitchell Bushman<br>Sarah Becket Clasby<br>Lance August Harke<br>Harke & Clasby<br>155 S Miami Avenue<br>Suite 600<br>Miami, FL 33130 | Eugene Clasby | S.D. Florida | 07cv22768 |
| Adam Mark Balkan<br>John Bledsoe Patterson | Mary M.<br>Wardwell as | S.D. Florida | 07cv81034 |

2

| COUNSEL FOR PLAINTIFFS | PLAINTIFF | DISTRICT | CASE NO |
|---|---|---|---|
| Balkan & Patterson<br>601 S Federal Highway<br>Suite 302<br>Boca Raton, FL 33431<br><br>Paul Jeffrey Geller<br>Jack Reise<br>Stephen Richard Astley<br>Elizabeth A. Shonson<br>Coughlin Stoia Geller Rudman &<br>Robbins LLP<br>120 E Palmetto Park Road<br>Suite 500<br>Boca Raton, FL 33432<br><br>John J. Stoia, Jr.<br>Rachel L. Jensen<br>Coughlin Stoia Geller Rudman &<br>Robbins LLP<br>655 West Broadway<br>Suite 1900<br>San Diego, CA 92101 | personal rep. of<br>the estate of<br>David P.<br>Wardwell | | |
| Adam Mark Balkan<br>John Hledon Patterson<br>Balkan & Patterson<br>601 S Federal Highway<br>Suite 302<br>Boca Raton, FL 33431<br><br>Paul Jeffrey Geller<br>Jack Reise<br>Stephen Richard Astley<br>Elizabeth A. Shonson<br>Coughlin Stoia Geller Rudman &<br>Robbins LLP<br>120 E Palmetto Park Road<br>Suite 500<br>Boca Raton, FL 33432<br><br>John J. Stoia, Jr.<br>Rachel L. Jensen | Doug Venning | SD Florida | 07-61060 |

3

| COUNSEL FOR PLAINTIFFS | PLAINTIFF | DISTRICT | CASE NO. |
|---|---|---|---|
| Coughlin Stoia Geller Rudman & Robbins LLP 655 West Broadway Suite 1900 San Diego, CA 92101 | | | |
| John M. Parisi Shamberg, Johnson & Bergman, Chtd. - KCMO 2600 Grand Blvd. Ste. 550 Kansas City, MO 64108 | Phillip S. Brown | Kansas | 07cv2542 |
| Daniel E. Becnel, Jr. Salvadore Christina, Jr. Matthew B. Moreland Becnel Law Firm P.O. Drawer H Reserve, LA 70084  Ronnie G. Penton 207 E Pearl St Bogalusa, LA 70427  Camilo K. Salas, III Salas & Co 650 Poydras Ste 1660 New Orleans, LA 70130 | Marie Lev Johnson Louis | W.D. Louisiana | 07cv1309 |
| Waldon Michael Hingle Bryan A Pfleeger Michael Hingle & Assoc P O Box 1129 Slidell, LA 70459 | Dianna Sonnier | W.D. Louisiana | 07cv1889 |
| Waldon Michael Hingle Bryan A Pfleeger Michael Hingle & Assoc P O Box 1129 Slidell, LA 70459 | Randall Stone | W.D. Louisiana | 07cv1902 |
| Daniel E. Becnel, Jr. Kevin Patrick Klibert Matthew B. Moreland Law Offices of Daniel E. Becnel, Jr. | Keith Paul Trosclair | E.D. Louisiana | 07cv7565 |

4

| COUNSEL FOR PLAINTIFFS | PLAINTIFF | DISTRICT | CASE NO. |
|---|---|---|---|
| 106 W. Seventh St. P. O. Drawer H Reserve, LA 70084 <br><br> **Salvadore Christina, Jr.** Law Office of Salvadore Christina, Jr., Attorney at Law 1838 Hood Ave. Baton Rouge, LA 70808 | | | |
| Dawn M. Barrios Bruce S. Kingsdorf Barrios, Kingsdorf & Casteix, LLP One Shell Square 701 Poydras St. Ste. 3650 New Orleans, LA 70139-3650 <br><br> Law Margaret J. Riche Law Office of Riley C. Riche, PLLC P.O. Drawer Baton Rouge, LA 70804 | Jerry J. Theriot and Earline H. Theriot | E.D. Louisiana | 07cv8441 |
| **Daniel E. Gustafson** **Karla M Gluck** Gustafson Gluck PLLC 608 2nd Ave S Ste 650 Mpls, MN 55402 <br><br> **Silvija A. Strikis** Kellogg Huber Hansen Todd Evans & Figel, PLLC 1615 M St NW Ste 400 Washington, DC 20036 | Kelly Luisi, Len J. Siavish | D. Minnesota | 07cv4250 |
| C. Brooks Cutter Kershaw, Cutter & Ratinoff, LLP 980 9th St Ste 1900 Sacramento, CA 95814 <br><br> Richard A. Lockridge Robert K Shelquist Yvonne M Flaherty Lockridge Grindal Nauen P.L.P. | Harvey Lee Conway Jr, John Paul Miller and Charles Peterson Jr | D. Minnesota | 07cv4270 |

5



| COUNSEL FOR PLAINTIFFS | PLAINTIFF | DISTRICT | CASE NO. |
|---|---|---|---|
| 100 Washington Ave S Ste 2200 Minneapolis, MN 55401-2179 Charles H. Johnson Mimi B. Hua Charles H. Johnson & Associates PA 2599 Mississippi St New Brighton, MN 55112 Charles T Hvass Jr Hvass Weisman & King 425 Nicollet Mall Ste 1025 Mpls, MN 55402 Russell A Ingebritson Kathryn M Kohn Ingebritson & Associates PA 425 Nicollet Mall Ste 1025 Mpls, MN 55402 | | | |
| Richard A Lockridge Robert K Shelquist Yvonne M Flaherty Lockridge Grindal Nauen PLLP 100 Washington Ave S Ste 2200 Minneapolis, MN 55401-2179 Paul Jeffrey Geller Jack Reise Stephen Richard Astley Elizabeth A. Shonson Coughlin Stoia Geller Rudman & Robbins LLP 120 E Palmetto Park Road Suite 500 Boca Raton, FL 33432 John J. Stoia, Jr. Rachel L. Jensen Coughlin Stoia Geller Rudman & Robbins LLP 655 West Broadway | Linda J. White | D. Minnesota | 07cv4412 |

6



| COUNSEL FOR PLAINTIFFS | PLAINTIFF | DISTRICT | CASE NO. |
|---|---|---|---|
| Suite 1900<br>San Diego, CA 92101 | | | |
| Charles S Zimmerman<br>Ronald S Goldser<br>Stacy K Hauer<br>Zimmerman Reed PLLP<br>651 Nicollet Mall Ste 501<br>Mpls, MN 55402-4123 | Rodney C Kesti | D. Minnesota | 07cv4442 |
| Richard A Lockridge<br>Yvonne M Flaherty<br>Robert K Shelquist<br>Lockridge Grindal Nauen PLLP<br>100 Washington Ave S Ste 2200<br>Minneapolis, MN 55401-2179 | Jesse Noonan | D. Minnesota | 07cv4528 |
| David M Peterson<br>Nicholas S Clevenger<br>Samuel M Wendt<br>Peterson & Associates<br>801 West 47th Street<br>Suite 107<br>Kansas City, MO 64112-1262 | Kenneth Carlie | W.D. Missouri | 07cv0170 |
| John F Nevares<br>John F Nevares & Assoc PSC<br>P.O. Box 13667<br>San Juan, PR 00908-3667<br><br>Richard J Arsenault<br>Neblett, Beard & Arsenault<br>2220 Bonaventure Court<br>PO Box 1190<br>Alexandria, LA 71309-1190<br><br>Elizabeth J Cabraser<br>Wendy Fleishman<br>Lieff, Cabraser, Heimann & Bernstein, LLP<br>275 Battery Street 30th Floor<br>San Francisco, CA 94111-3339<br><br>Nicholas J Drakulich<br>The Drakulich Firm | Russell-Nelson, George and Annabelle Anastas, and Donald and Misty Tucker | D. Puerto Rico | 07cv1969 |

7



| COUNSEL FOR PLAINTIFFS | PLAINTIFF | DISTRICT | CASE NO. |
|---|---|---|---|
| 2727 Camino Del Rio South<br>Suite 322<br>San Diego, CA 92108<br><br>**Daniel E. Gustafson**<br>Gustafson Gluek PLLC<br>650 Northstar East<br>608 Second Ave. South<br>Minneapolis, MN 55402 | | | |
| Daniel Becnel, Jr.<br>Matthew B. Moreland<br>Becnel Law Firm, LLC<br>P.O. Drawer H<br>Reserve, LA 70084<br><br>Jerrold S. Parker<br>Parker Waichman Alonso LLP<br>111 Great Neck Road<br>Great Neck, NY 11021 | David Wood | D. Puerto Rico | 07cv1971 |
| **John F. Nevares**<br>John F. Nevares & Assoc. PSC<br>P.O. Box 13667<br>San Juan, PR 00908-3667 | Frederick<br>Santitoro and<br>Richard Kinney | D. Puerto Rico | 07cv1972 |
| John F. Nevares<br>John F. Nevares & Assoc. PSC<br>P.O. Box 13667<br>San Juan, PR 00908-3667 | Norma Black | D. Puerto Rico | 07cv2014 |
| **Jose F. Quetglas**<br>**Eric M. Quetglas-Jordan**<br>Quetglas Law Office<br>PO Box 16606<br>San Juan, PR 00908-6606 | Gilberto Colon-<br>Perez, et al. | D. Puerto Rico | 07cv2021 |
| John F. Nevares<br>John F. Nevares & Assoc. PSC<br>P.O. Box 13667<br>San Juan, PR 00908-3667 | William E.<br>Storms | D. Puerto Rico | 07cv2024 |
| **John F. Nevares**<br>John F. Nevares & Assoc. PSC | Gerald Phaup, Jr. | D. Puerto Rico | 07cv02050 |

8



| COUNSEL FOR PLAINTIFFS | PLAINTIFF | DISTRICT | CASE NO. |
| --- | --- | --- | --- |
| P.O. Box 13667, San Juan, PR 00908-3667 | | | |
| John F. Nevares John F. Nevares & Assoc. PSC P.O. Box 13667 San Juan, PR 00908-3667 | Carlos Milan, et al. | D. Puerto Rico | 07-2064 |

**COUNSEL FOR DEFENDANTS:**  **DEFENDANT:**



| | |
| --- | --- |
| Melissa DeAnn Krepps Baker Hodge 100 S. Ashley Drive Suite 1500 Tampa, FL 33602-5151<br><br>Adam L. Hoeflich Bartlit Beck Herman Palenchar & Scott LLP 54 W Hubbard St Ste 300 Chicago, IL 60654 | Medtronic Inc. |
| Jennifer K Huelskoetter George W Soule Melissa R Stull Bowman & Brooke LLP 150 S 5th St Ste 3000 Minneapolis, MN 55402<br><br>**Raul M. Arias-Marxuach Nestor Duran-Gonzalez** McConnell Valdes P.O. Box 364225 San Juan, PR 00936-4225 | Medtronic Puerto Rico, Inc. and Medtronic Puerto Rico Operations Co. |

*Jack Reise*    EAS
_____
Jack Reise

9