EXHIBIT E

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re MEDTRONIC SPRINT FIDELIS LEADS PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1905 |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PLAINTIFF JOHN NORTH FOR
JOINDER IN THE MOTION OF FREDERICK SANTITORO AND RICHARD KINNEY FOR
TRANSFER AND CONSOLIDATION OF RELATED ACTIONS PURSUANT TO 28 U.S.C.
§ 1407

Pursuant to Rule 7.2 of the Rules of Procedure for the Judicial Panel on Multidistrict

Litigation, John North ("Movant"), Plaintiff in *North v. Medtronic, Inc.*, Case No. 07-22764-

CIV-HUCK/SIMONTON, on behalf of himself and all others similarly situated, submits this

Memorandum of Law Supporting his Motion for Joinder in the Motion of Frederick Santitoro

and Richard Kinney for Transfer and Consolidation of All Related Actions pursuant to 28 U.S.C.

§ 1407. For the reasons stated below, Movant respectfully request that the Judicial Panel on

Multidistrict Litigation (the "Panel") enter an order transferring all related actions to the

Southern District of Florida and centralizing those actions for coordinated pretrial proceedings.

**I.    BACKGROUND**

In March 2007, Defendant Medtronic, Inc. issued an advisory to physicians relating to

1

Sprint Fidelis leads developed and/or manufactured by Medtronic, Inc., with and through its

subsidiaries Medtronic Puerto Rico, Inc. and Medtronic Puerto Rico Operations Co., Inc.

(hereinafter collectively referred to as "Medtronic"). According to Medtronic, approximately

268,000 Sprint Fidelis lead systems have been sold and implanted in heart patients across the

nation and worldwide.

In light of this advisory, Movant, individually and on behalf of a proposed class, filed an

Medtronic's March 2007 advisory advised physicians of "the higher than expected

conductor fracture rates in . . . Sprint Fidelis leads." Medtronic stated that "variables within the

implant procedure may contribute significantly to these fractures," and suggested that the Sprint

Fidelis leads could "severely bend" or "kink" if they are implanted using certain accepted

implant techniques. Thereafter, on October 15, 2007, Medtronic recalled all non-implanted

Sprint Fidelis leads, citing issues with lead fractures that had apparently resulted in five deaths.

In light of this advisory, Movant, individually and on behalf of a proposed class, filed an

action in the Southern District of Florida on October 19, 2007, against Medtronic alleging,

among other things, that Medtronic designed, manufactured, marketed, distributed, and/or sold

Sprint Fidelis leads that are defective; that Medtronic concealed knowledge of the defect for

some period before the March 2007 advisory and October 2007 recall; and that as a direct and

proximate result of the defective products being placed into the stream of commerce by

Medtronic, Movant and members of the class suffered and will continue to risk possible death,

severe injury, and disability including physical and mental pain and suffering, as well as

economic losses.

Plaintiffs are presently aware of 26 other related actions that have been filed in various

district courts throughout the United States. These actions all name Medtronic as Defendants

and assert substantially similar claims and seek almost identical relief. These actions are set forth in the Schedule of Actions, attached hereto.

Transfer and coordination of these actions is appropriate because they involve common factual questions, transfer will further the convenience of the parties and witnesses, and coordination will promote the just and efficient conduct of these actions.

## II.    ARGUMENT

### A.    Transfer of All Affected Medtronic Sprint Fidelis Lead Cases for Coordinated Pretrial Proceedings Will Further the Goals of Section 1407

For all the reasons set forth in Part II.A of the Motion of Frederick Santitoro and Richard Kinney for Transfer and Consolidation of All Related Actions pursuant to 28 U.S.C. § 1407, coordination of pretrial proceedings will further the goals of section 1407. To avoid unnecessary duplicative briefing, movant will not restate those reasons here.

### B.    The Southern District of Florida is the Appropriate Forum for This Litigation

The key factors that this Panel considers in making the determination of the appropriate forum are: (1) the location of parties, witnesses, and documents; (2) the accessibility of the proposed transferee district to parties and witnesses; and (3) the respective caseloads of the proposed transferee district courts. *See In re Corn Derivatives Antitrust Litig.*, 486 F. Supp. 929, 931-32 (J.P.M.L. 1980). Centralization of the actions in the Southern District of Florida for consolidated pre-trial proceedings will best serve the convenience of the parties and witnesses and the interests of justice.

1.    **Convenience of the Parties and Witnesses Favors the Southern District of Florida**

Defendant Medtronic, Inc. is a Minnesota Corporation with its principal place of business in Minneapolis, Minnesota. According to Medtronic's own website, however, one of Medtronic's major facilities, Medtronic, USA, Inc., is located in Miami, Florida. *See* http://www.medtronic.com/corporate/commun.html. Accordingly, there can be no argument that the Southern District of Florida would be an inconvenient or unfair transferee forum for Defendants.

The Southern District of Florida is also an appropriate forum, as at least five actions are currently pending in that District. *See* Schedule of Actions. The Panel has often chosen a transferee forum based on the fact that a numerous related actions are already on file in that forum. *See In re Union Carbide Corp. Gas Plant Disaster at Bhopal, India in Dec., 1984*, 601 F. Supp. 1035 (J.P.M.L. 1985); *see also In re Multi-Piece Rim Prods. Liab. Litig.*, 464 F. Supp. 969 (J.P.M.L. 1979). Moreover, through their supervision of the four actions now pending there, judges in the Southern District of Florida have already become familiar with the issues involved in this litigation and therefore are in a good position to supervise it to a just and expeditious conclusion. *See In re Multi-Piece Rim*, 464 F. Supp at 975; *In re Gas Meter Antitrust Litig.*, 464 F. Supp. 391 (J.P.M.L. 1979).

As the Panel is aware, on November 7, 2007, plaintiff David Wood filed a motion with this Panel seeking to transfer all related actions to the District of Puerto Rico. Movant respectfully submits that Puerto Rico is not an easily accessible location for many plaintiffs and their counsel. Indeed, from many areas of the country, there are no direct flights to Puerto Rico

4

and even in locations where such flights are available, they are often far more expensive than flights within the lower 48 states. By contrast, the Southern District of Florida is readily accessible by direct flights from all major cities in the county and is therefore a far more convenient forum than the District of Puerto Rico.

Accordingly, the convenience of the parties and witnesses favors transfer to the Southern District of Florida.

### 2. Statistical Data Relating to Caseloads and Speedy Resolution of District Courts Favor the Southern District of Florida

The Southern District of Florida has the available judicial resources and the experience necessary to effectively handle these products liability actions. Data from Federal Court Management Statistics reveal that the Southern District of Florida is well-situated to provide an efficient disposition of these actions. According to judicial statistics for the 12 months ending September 30, 2006, each judgeship had a manageable number of 373 civil filings with only a 6.7 month time period from filing to disposition and 16.3 months to bring a civil case to trial. *See* Judicial Caseload Profile for the Southern District of Florida (attached hereto as Exhibit C).

By contrast, the District of Puerto Rico (where plaintiff David Wood seeks to transfer all related actions), is far less efficient. The median time from filing to disposition in the District of Puerto Rico is 12.8 months, and the median time from filing until trial is 33 months. *See* Judicial Caseload Profile for the District of Puerto Rico (attached hereto as Exhibit D).

5

3.    **The Southern District of Florida Has Previously Been Selected as the Transferee Forum for other Complex Product Liability Cases**

Demonstrating its confidence in the Southern District of Florida's capabilities, the Panel, itself has already selected that district as the transferee forum for other complex product liability cases including, *In re Skin-Cap Products Liability Litig.*, MDL 1243 (S.D. Fla.) and *In re Isuzu Trooper Products Liability Litig.*, MDL 1152 (S.D. Fla.).[1]  Most recently in *In re Managed Care Litigation*, MDL 1334 (S.D. Fla) the Southern District of Florida was assigned as the transferee forum.  The Southern District of Florida is experienced and reliable in efficiently managing its civil docket, and more importantly, in serving as the transferee forum for complex products liability cases.

Moreover, the court is under-utilized as a transferee court for MDL litigation.  As of November 6, 2007, there is only one pending MDL proceedings in the Southern District of Florida.[2]  As discussed in *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 173 F. Supp. 2d 1377 at 1380 (J.P.M.L. 2001), such under-utilization alone justifies the transfer of MDL proceedings to that court: "[A] centralization in this district permits the Panel to effect the Section 1407 assignment to a major metropolitan court that i) is not currently overtaxed with other multidistrict dockets, and ii) possesses the necessary resources to be able to devote the substantial time and effort to pretrial matters that this complex docket is likely to require."  The

---

[1]  Multidistrict Litigation Terminated Through September 30, 2007, available at *http://www.jpml.uscourts.gov/statistics/terminated_dockets_through_september_2007.pdf.*

[2] Distribution of Pending MDL Dockets, available at *http://www.jpml.uscourts.gov/MDL_Information/PendingMDL-November-07.pdf.*

6

Southern District of Florida meets both of these criterion and is the optimal choice for a transferee forum.

## III.  CONCLUSION

Transfer and coordination of these four actions, and any other subsequently filed related cases, for pretrial proceedings will serve the interests of justice by providing a single forum in which the legal rights of class members can be adjudicated.  For the foregoing reasons, Movant respectfully request that the Panel order that the related actions be transferred to the Southern District of Florida.

Dated: November 26, 2007                                Respectfully submitted,

Silvija A. Strikis
Kellogg, Huber, Hansen, Todd, Evans &
Figel, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
Tel:  (202) 326-7900

Lance A. Harke, P.A.
Harke & Clasby LLP
155 South Miami Avenue, Suite 600
Miami, FL 33130
Tel: (305) 536-8220

Daniel E. Gustafson
Gustafson Gluek P.L.L.C.
650 Northstar East
608 Second Avenue South
Minneapolis, M.N. 55402
Tel:  (612) 333-8844

Elizabeth Cabraser
Lieff, Cabraser, Heimann & Bernstein,
L.L.P.
275 Battery Street, 30th Floor
San Francisco, C.A. 94111-3339
Tel:  (415) 965-1000

Wendy Fleishman
Lieff, Cabraser, Heimann & Bernstein,
L.L.P.
780 Third Avenue, 48th Floor
New York, N.Y. 10017
Tel: (212) 355-9500

Seth R. Lesser
Locks Law Firm
457 Haddonfield Road, Suite 500
Cherry Hill, N.J. 08002
Tel:  (856) 663-8200

Richard J. Arsenault
Neblett, Beard & Arsenault
2220 Bonaventure Court
P.O. Box 1190
Alexandria, L.A. 71309-1190
Tel:  (800) 256-1050

Hunter J. Shkolnik
Rheingold, Valet, Rheingold, Shkolnik &
McCartney L.L.P.
113 East 37th Street
New York, NY 10016-3042
Tel:  (212) 684-1880

Nicholas J. Drakulich
The Drakulich Firm, A Professional Law
Corporation
2727 Camino del Rio South, Suite 322
San Diego, C.A. 92018
    Tel:  (858) 755-5887

**Counsel for Plaintiff John North**

EXHIBIT F

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

KELLY LUISI, on behalf of herself
and all others similarly situated and
LEN J. STAVISH, on behalf of
himself and all others similarly
situated,

                  Plaintiffs,

    vs.

MEDTRONIC, INC., MEDTRONIC
PUERTO RICO, INC., and
MEDTRONIC PUERTO RICO
OPERATIONS CO.,

                  Defendants.

Case No.: 0:07-cv-4250-RHK-JSM

---

### ORDER

---

IT IS HEREBY ORDERED ADJUDGED AND DECREED that:

    1.    Medtronic's Motion to Continue Court's Deadlines Until After a Decision By the Joint Panel on Multidistrict Litigation on Pending Motions for Transfer is GRANTED in its entirety.  All scheduled hearings and all pending deadlines for filing of an answer and/or responsive pleadings and service of discovery or automatic disclosures under Fed. R. Civ. P. 26 shall be stayed until after the Pending JPML Motions are decided by the JPML.

Dated:  November 5, 2007

                                *s/ Janie S. Mayeron*
                                JANIE S. MAYERON
                                U.S. Magistrate Judge

EXHIBIT G

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LINDA J. WHITE, on Behalf of Herself and all
Others Similarly Situated,

Case No.: 0:07-cv-4412-(RHK/JSM)

Plaintiff,

vs.

ORDER

MEDTRONIC, INC., MEDTRONIC PUERTO
RICO, INC., and MEDTRONIC PUERTO
RICO OPERATIONS CO.,

Defendants.

WHEREAS, Plaintiff Linda J. White, on behalf of herself and all others similarly situated (hereinafter "Plaintiff"), and defendants Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co. (hereinafter "Medtronic"), have agreed in a stipulation electronically filed as Document No. 6 that all scheduled hearings and all pending deadlines for filing of an answer and/or responsive pleadings and service of discovery or automatic disclosures under Rule 26 of the Federal Rules of Civil Procedure shall be stayed until after the Joint Panel on Multidistrict Litigation rules on the pending motions seeking to transfer to a single federal district court all of the cases that have been filed in federal courts nationwide against Medtronic that relate to the alleged implantation of Sprint Fidelis cardiac-defibrillator leads manufactured and sold by Medtronic.

NOW, THEREFORE, pursuant to the foregoing stipulation, it is hereby ordered that all scheduled hearings and all pending deadlines for filing of an answer and/or responsive pleadings and service of discovery or automatic disclosures under Rule 26 of the Federal Rules of Civil Procedure shall be stayed until after the Joint Panel on Multidistrict Litigation rules on the pending motions seeking to transfer to a single federal district court all of the cases that

have been filed in federal courts nationwide against Medtronic that relate to the alleged

implantation of Sprint Fidelis cardiac-defibrillator leads manufactured and sold by Medtronic.

IT IS SO ORDERED.

Dated: November 7, 2007

BY THE COURT:

*s/ Janie S. Mayeron*
JANIE S. MAYERON
U.S. Magistrate Judge

EXHIBIT H

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

JESSE NOONAN, on behalf of herself and all
others similarly situated,                              Case No.: 0:07-cv-4528-JMR-FLN

                Plaintiff,

    vs.

MEDTRONIC, INC., MEDTRONIC PUERTO          ORDER TO CONTINUE THE
RICO, INC., and MEDTRONIC PUERTO           COURT'S DEADLINES
RICO OPERATIONS CO.,

                Defendants.

WHEREAS, Plaintiff Jesse Noonan, on behalf of herself and all others similarly situated

(hereinafter "Plaintiff"), and defendants Medtronic, Inc., Medtronic Puerto Rico, Inc., and

Medtronic Puerto Rico Operations Co. (hereinafter "Medtronic") have agreed in a stipulation

electronically filed as Document No. 7 that all scheduled hearings and all pending deadlines for

filing of an answer and/or responsive pleadings and service of discovery or automatic

disclosures under Rule 26 of the Federal Rules of Civil Procedure shall be stayed until after the

Joint Panel on Multidistrict Litigation rules on the pending motions seeking to transfer to a single

federal district court all of the cases that have been filed in federal courts nationwide against

Medtronic that relate to the alleged implantation of Sprint Fidelis cardiac-defibrillator leads

manufactured and sold by Medtronic.

NOW, THEREFORE, pursuant to the foregoing stipulation, it is hereby ordered that all

scheduled hearings and all pending deadlines for filing of an answer and/or responsive

pleadings and service of discovery or automatic disclosures under Rule 26 of the Federal Rules

of Civil Procedure shall be stayed until after the Joint Panel on Multidistrict Litigation rules on

the pending motions seeking to transfer to a single federal district court all of the cases that

have been filed in federal courts nationwide against Medtronic that relate to the alleged

implantation of Sprint Fidelis cardiac-defibrillator leads manufactured and sold by Medtronic.

IT IS SO ORDERED.

Dated: November 14, 2007.

BY THE COURT:


s/ *Franklin L. Noel*
U.S. District Court for the
District of Minnesota

2

EXHIBIT I

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **E. DAVID BARRICK,** | **Civil Action No. 07-4393 (MLC)** |
| **Plaintiff,** | |
| **v,** | **ORDER** |
| **MEDTRONIC WORLD HEADQUARTERS, et al.,** | |
| **Defendants.** | |

    This matter having been opened to the Court upon letter application by counsel for Defendant Medtronic World Headquarters ("Medtronic) seeking an Order staying proceedings in this matter pending a transfer decision by the Joint Panel on Multidistrict Litigation ("JPML"); and Medtronic arguing that motions have been filed with the JPML pursuant to 28 U.S.C. § 1407(a) seeking to transfer to a single federal district court all of the cases that have been filed in federal court that relate to Medtronic's Sprint Fidelis leads; and Medtronic further arguing that this matter would be subject to such a transfer; and Medtronic further arguing that this matter should be stayed pending a transfer decision by the JPML; and Medtronic further arguing that the Court has the inherent power to stay this matter (*see Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)); and Medtronic further arguing that a limited stay is warranted here to achieve the purposes of 28 U.S.C. § 1407, namely the promotion of just and efficient administration of litigation; and Medtronic further arguing that absent a stay, the Court will be forced to expend a great amount of time and resources in supervising the discovery process as well as other pretrial proceedings, despite the fact that this Court may lose jurisdiction over this matter; and Medtronic further arguing that the short stay that it requests would not impose any real prejudice on Plaintiff; and

Plaintiff opposing Medtronic's application for a stay to the extent it seeks to stay discovery and

the need for the parties to provide the automatic disclosures required by FED.R.CIV.P. 26; and

Plaintiff arguing that he is a man of old age and poor health and therefore has a strong interest in

proceeding in this case without delay; and Plaintiff further arguing that Medtronic's concerns

regarding judicial economy are misplaced because the onus in proceeding with discovery is

largely on the attorneys for both parties and not the Court; and the Court having reviewed the

submissions of the parties; and the Court finding that "[t]he power to stay proceedings is

incidental to the power inherent in every court to schedule disposition of the cases on its docket

so as to promote fair and efficient adjudication" and consequently it has wide discretion in

determining whether to stay a particular matter (*Gold v. Johns-Manville Sales Corp.*, 723 F.2d

1068, 1077 (3d Cir. 1983) (citing *Landis*, 299 U.S. at 254-55); see *Arthur-Magna, Inc. v. Del-Val

*Fin. Corp.*, CIV. A. No. 90-4378, 1991 WL 13725, *1-2 (D.N.J. Feb. 1, 1991)); and the Court

further finding that while Plaintiff has not cited any case law in favor of his argument that a stay

should not be granted, Plaintiff does argue that he an old man of poor health who has an interest

in this matter proceeding without delay; the Court notes that no Affidavit or other sworn

statement by Plaintiff was attached to his letter verifying his age or health, though the Court

nevertheless accepts Plaintiff's unsworn statements at face-value as if made under oath; and the

Court further finding that while the parties certainly bear much of the burden of discovery, the

Court also expends a great deal of resources monitoring the discovery process and resolving

discovery disputes; and the Court further finding that the JPML typically acts swiftly and

therefore, a stay of this matter would not likely be extensive; and the Court further finding that a

short stay of this matter is therefore warranted, despite the delay, as it would promote judicial

# EXHIBIT J

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

DONALD ALEXANDER,

                        Plaintiff,

    vs.

MEDTRONIC, INCORPORATED,

                       Defendant.

Case No.: 0:07-cv-4519-DWF-AJB

**ORDER TO CONTINUE THE COURT'S DEADLINES**

Plaintiff Donald Alexander and defendant Medtronic, Incorporated (hereinafter "Medtronic") have agreed in a stipulation electronically filed as Document No. 6 that all scheduled hearings and all pending deadlines for filing of an answer and/or responsive pleadings and service of discovery or automatic disclosures under Rule 26 of the Federal Rules of Civil Procedure shall be stayed until after the Joint Panel on Multidistrict Litigation rules on the pending motions seeking to transfer to a single federal district court all of the cases that have been filed in federal courts nationwide against Medtronic that relate to the alleged implantation of Sprint Fidelis cardiac-defibrillator leads manufactured and sold by Medtronic.

NOW, THEREFORE, pursuant to the foregoing stipulation, it is hereby ordered that all scheduled hearings and all pending deadlines for filing of an answer and/or responsive pleadings and service of discovery or automatic disclosures under Rule 26 of the Federal Rules of Civil Procedure shall be stayed until after the Joint Panel on Multidistrict Litigation rules on the pending motions seeking to transfer to a single federal district court all of the cases that have been filed in federal courts nationwide against Medtronic that relate to the alleged implantation of Sprint Fidelis cardiac-defibrillator leads manufactured and sold by Medtronic.

IT IS SO ORDERED.

Dated:  November 26, 2007.

BY THE COURT:


_s/ Arthur J. Boylan_____
Arthur J. Boylan
U.S. Magistrate Judge

2

EXHIBIT K

| ☒ CM/ECF | ☒ ? |
|---|---|

- Query
- Reports
- Utilities
- Logout

# U.S. District Court
## District of Kansas (Kansas City)
### CIVIL DOCKET FOR CASE #: 2:07-cv-02542-CM-JPO

Brown v. Medtronic, Inc. et al
Assigned to: District Judge Carlos Murguia
Referred to: Magistrate Judge James P. O'Hara
Cause: 28:1332 Diversity-Product Liability

Date Filed: 11/08/2007
Jury Demand: Plaintiff
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Diversity

**Plaintiff**

**Phillip S. Brown**
*on behalf of himself and all others
similarly situated*

represented by **John M. Parisi**
Shamberg, Johnson & Bergman, Chtd. - KCMO
2600 Grand Blvd.-Ste. 550
Kansas City, MO 64108
816-474-0004
Fax: 816-474-0003
Email: jparisi@sjblaw.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Medtronic, Inc.**

represented by **Patrick Lysaught**
Baker, Sterchi, Cowden & Rice, L.L.C. - KC
2400 Pershing Road, Suite 500
Kansas City, MO 64108-2533
816-471-2121
Fax: 816-472-0288
Email: lysaught@bscr-law.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Defendant**

**Medtronic Puerto Rico, Inc.**

represented by **Patrick Lysaught**
(See above for address)
*LEAD ATTORNEY*

|  | | ATTORNEY TO BE NOTICED |
|---|---|---|
| **Defendant** | | |
| **Medtronic Puerto Rico Operations, Co.** | represented by | **Patrick Lysaught** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| **Defendant** | | |
| **Medtronic International Technology, Inc** | represented by | **Patrick Lysaught** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 11/08/2007 | 1 | COMPLAINT (Summons Issued) with trial location of Kansas City, Kansas, filed by Phillip S. Brown.(kao) (Entered: 11/09/2007) |
| 11/08/2007 | | FILING FEE PAID: In the amount of $ 350, receipt number K4631010518. (kao) (Entered: 11/09/2007) |
| 11/09/2007 | | Summons Issued as to Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations, Co.. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry) (kao) (Entered: 11/09/2007) |
| 11/15/2007 | 2 | AMENDED COMPLAINT *(Class Action)* against all defendants, filed by Phillip S. Brown.(Parisi, John) (Entered: 11/15/2007) |
| 11/15/2007 | | Summons Issued as to Medtronic International Technology, Inc. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry) (kao) (Entered: 11/15/2007) |
| 11/15/2007 | 3 | RETURN OF SERVICE of Medtronic, Inc. filed by Plaintiff Phillip S. Brown (Parisi, John) (Entered: 11/15/2007) |
| 11/21/2007 | 4 | RETURN OF SERVICE of Medtronic Puerto Rico Inc. filed by Plaintiff Phillip S. Brown (Parisi, John) (Entered: 11/21/2007) |
| 11/21/2007 | 5 | RETURN OF SERVICE of Medtronic Puerto Rico Operations Co., filed by Plaintiff Phillip S. Brown (Parisi, John) (Entered: 11/21/2007) |
| 11/29/2007 | 6 | Joint MOTION to Stay Case by Defendants Medtronic International Technology, Inc, Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations, Co.(Lysaught, Patrick) (Entered: 11/29/2007) |
| 11/29/2007 | 7 | ORDER granting the joint motion of the parties 6 to stay the case until the pending motions before the Judicial Panel on Multidistrict Litigation have been decided. Signed by Magistrate Judge James P. O'Hara on 11/29/07. (ct) (Entered: 11/29/2007) |

| 12/01/2007 | 8 | RETURN OF SERVICE of Medtronic International Technology, Inc. filed by Plaintiff Phillip S. Brown. (Parisi, John) (Entered: 12/01/2007) |
|---|---|---|

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/03/2007 14:58:24 | | | |
| **PACER Login:** | rs0055 | **Client Code:** | 354241/60094/4484 |
| **Description:** | Docket Report | **Search Criteria:** | 2:07-cv-02542-CM-JPO |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |