Sonja S. Weissman (SBN 154320)
Dana A. Blanton (SBN 232373)
REED SMITH LLP
1999 Harrison St., Suite 2400
Oakland, CA  94612
Telephone:     510.763.2000
Facsimile:      510.273.8832
Email: sweissman@reedsmith.com;
dblanton@reedsmith.com

Michael K. Brown (SBN 104252)
Ginger Heyman Pigott (SBN 162908)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071
Telephone:     213.457.8000
Facsimile:      213.457.8080
Email: mkbrown@reedsmith.com;
gheyman@reedsmith.com

Attorneys for Defendant
Medtronic, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JENEANE BAQUE, *et al.*, | No.:  3:07-cv-5352-WHA |
|---|---|
| Plaintiff, | **SUPPLEMENTAL DECLARATION OF DANA A. BLANTON IN SUPPORT OF DEFENDANT MEDTRONIC, INC.'S MOTION TO STAY** |
| vs. | |
| MEDTRONIC, INC.,., | |
| Defendants. | Hearing Date:   January 10, 2008<br>Time:                 8:00 a.m.<br>Courtroom:      Courtroom 9, 19th Fl.<br>Compl. Filed:    October 19, 2007<br>Trial Date:        None Set |
| | Honorable William H. Alsup. |

I, Dana A. Blanton, declare:

1. I am an attorney duly admitted to practice law in the State of California and an attorney at Reed Smith LLP, counsel in this action for defendant Medtronic, Inc. ("Medtronic"). I have personal knowledge of the facts set forth in this declaration and for those matters for which I do not have personal knowledge, I am informed and believe they are true.

2. On January 10, 2008, this Court is scheduled to hear Medtronic's Motion to Stay Proceedings Pending Decision by the Judicial Panel on Multidistrict Litigation on Pending Motions for Transfer. In the interest of alerting the Court to recent pleadings filed with the JPML that are related to this case, and to apprise the Court of the status of related litigation pending in other jurisdictions, Medtronic respectfully submits this supplemental declaration.

3. On or about December 4, 2007, plaintiff Jeneane Baque filed a "Response to Motion to Transfer and Consolidate Pursuant to 28 U.S.C. Sec 1407" with the JPML. A true and correct copy of plaintiff's motion is attached hereto as Exhibit "A".

4. Plaintiff's pleading "moves the [JPML] . . . for an Order pursuant to 28 U.S.C. Sec. 1407 to transfer and consolidate the cases . . . concerning defibrillator lead wires known as Sprint Fidelis" and requests time for oral argument at the hearing before the JPML. (Exh. A, at p.1 and ¶4). Plaintiff also moves the Panel for transfer and consolidation of these suits in either the Northern District of California, before Judge William Alsup, or Judge Susan Illston. (Exh. A at ¶¶2. 3).

5. In addition to the stay orders and stipulations referenced by Medtronic in its motion to stay, four other cases have now been stayed until after the JPML's decision on the MDL motions. This brings to 11 the number of Sprint Fidelis cases that have been stayed, either by motion

1  or agreement of the parties, since the initial motions to transfer and coordinate were filed with the
2  JPML.

4        6.      Attached hereto as Exhibit "B" is a true and correct copy of the order staying
5  proceedings pending the JPML's decision on MDL motions in *North, et al. v. Medtronic, Inc., et al.*,
6  Case No. 07-22764 (PCH) (S.D. Fla. Dec. 6, 2007).

8        7.      Attached hereto as Exhibit "C" is a true and correct copy of the order staying
9  proceedings pending the JPML's decision on MDL motions in *Clasby, et al. v. Medtronic, Inc., et al.*,
10  Case No. 07-22768 (UNGARO) (S.D. Fla. Dec. 7, 2007).

12        8.      Attached hereto as Exhibit "D" is a true and correct copy of the order staying
13  proceedings pending the JPML's decision on MDL motions in *Venning, et al. v. Medtronic, Inc., et
14  al.*, Case No. 07-81056 (KAM) (S.D. Fla. Dec. 11, 2007).

16        9.      Attached hereto as Exhibit "E" is a true and correct copy of the stipulation to
17  stay proceedings pending the JPML's decision on MDL motions filed by the parties in *Conway, et al.
18  v. Medtronic, Inc., et al.*, Case No. 07-4270 (PAM) (Nov. 6, 2007).

20        10.      At the hearing on Medtronic's motion to stay proceedings in the *North* case,
21  plaintiff argued against a stay of proceedings even though he had previously joined in plaintiffs
22  Kinney and Santitoro's motion for transfer and consolidation under 28 U.S.C. § 1407. (*See* Exhs. A
23  and E attached to Declaration of Dana A. Blanton in Support of Medtronic's Motion to Stay, filed
24  Dec. 3, 2007). *See generally* Transcript of Hearing on Defendant Medtronic's Motion to Stay in
25  *North, et al. v. Medtronic, Inc., et al.*, Case No. 07-22764 (PCH), Dec. 6, 2007, a true and correct
26  copy of which is attached hereto as Exhibit "F". Judge Huck rejected the argument and granted
27  Medtronic's motion, explaining that in urging the JPML to grant the pending § 1407 transfer
28  motions, plaintiff North – like plaintiff Baque here – essentially "make[s] the same argument the

1  defendants make [in seeking a stay of proceedings until after the JPML rules] with regard to judicial
2  economy, efficiency[,] consistency and those sorts of things." *See* Exh. C at 4:13-5:1. *Accord id.* at
3  5:5-8 ("So it seems to me all parties – both sides are in agreement, it makes sense to have one Court
4  handle it, whatever Court that may be. I think we should wait until that determination [by the JPML]
5  is made.").

7  I declare under penalty of perjury under the laws of the United States that the foregoing
8  is true and correct.

   DATED: December 13, 2007.

   By      /s/ Dana A. Blanton
           Dana A. Blanton

DOCSOAK-9894808.1