EXHIBIT A

BEFORE THE JUDICIAL PANEL

ON MULTIDISTRICT LITIGATION

IN RE:  Medtronic Inc., Sprint Fidelis Leads
PRODUCTS LIABILITY LITIGATION

MDL DOCKET NO:  1905

**RESPONSE TO MOTION TO TRANSFER AND CONSOLIDATE
PURSUANT TO 28 U.S.C. Sec. 1407**

Donald S. Edgar
Jeremy R. Fietz
EDGAR LAW FIRM
408 College Avenue
Santa Rosa, CA  95401
Telephone: 707-545-3200
Facsimile: 707-578-3040

Counsel for Plaintiff, Jeneane Baque v. Medtronic Inc., Case No. C07-05352, U.S.D.C.,
Northern District of California, San Francisco Division

Now into Court, through undersigned counsel, comes the plaintiff in the case entitled

Jeneane Baque v. Medtronic Inc., Case No. C07-05352, U.S.D.C., Northern District of

California, San Francisco Division who, through undersigned counsel, moves the Judicial

Panel on Multidistrict Litigation (the "Panel") for an Order pursuant to 28 U.S.C. Sec. 1407,

to transfer and consolidate the cases filed before this court concerning consumer claims

and personal injury claims stemming from the design, marketing, manufacture and sale of defective defibrillator lead wires known as Sprint Fidelis.

Plaintiffs pray that the Panel transfer and consolidate the cases referenced actions to a single district for coordinated and/or consolidated pre-trial proceedings.

1.

Movant is a consumer who sustained economic damages and/or personal injuries as a direct result of the defective Sprint Fidelis leads having been implanted in her chest, and later explanted on an emergent basis as a result of the defect known to have caused the nationwide recall of these devices.

2.

The transfer and consolidation of these suits is appropriate before the judge to which this case has been assigned, Judge William Alsup in the Northern District of California, San Francisco Division. The Northern District of California currently successfully houses the Celebrex/Bextra MDL litigation before Judge Breyer. The Northern District Court is automated with the ECF system and there are no administrative or logistical reasons why the Court is not fully capable of handling the within MDL.

3.

Additionally, the undersigned counsel for plaintiff in this matter support the urging of Daniel Becnel, Counsel for Plaintiff, David Wood, C.A. 07-1971; U.S.D.C., District of Puerto Rico, who has proposed to this panel that this MDL matter be transferred to Judge Susan Illston in the Northern District of California. Both Judge Alsup and Judge Illston are highly respected jurists, known for their hard work, diligence, and their ability to manage complex cases.

4.

Finally, the undersigned respectfully requests time for oral argument during the hearing on this matter.

Respectfully submitted,

Jeremy R. Fietz, Esq. (CA Bar No. 200396)
Donald S. Edgar, Esq. (CA Bar No. 139324)
EDGAR LAW FIRM
408 College Avenue
Santa Rosa, CA 95401
Telephone (707) 545-3200
Facsimile (707) 578-3040

Counsel for Plaintiff, Jeneane Baque v.
Medtronic Inc., Case No. C07-05352,
U.S.D.C., Northern District of California, San
Francisco Division

## PROOF OF SERVICE

In Re.: Medtronic, Inc., Sprint Fidelis Leads Product Liability Litigation
MDL 1905

The undersigned hereby attests and declares as follows: I am employed in the City and County of Santa Rosa, State of California. I am over the age of 18 and not a party to the within action. My business address is 408 College Avenue, Santa Rosa, California 95401. I served the foregoing document(s) described as:

### RESPONSE TO MOTION TO TRANSFER AND CONSOLIDATE PURSUANT TO 28 U.S.C. Sec. 1407

Service of one complete copy of the within document was served by prepaid US Mail upon each of the firms on the attached: In Re.: Medtronic, Inc., Sprint Fidelis Leads Product Liability Litigation MDL 1905 Panel Attorney Service List.

I declare under penalty of perjury under the laws of the state of California, and United States of America that the above is true and correct and was executed on December 4, 2007

JEREMY R. FIETZ

Donald S. Edgar
Jeremy R. Fietz
EDGAR LAW FIRM
408 College Avenue
Santa Rosa, CA 95401
Telephone: 707-545-3200
Facsimile: 707-578-3040

In Re.: Medtronic, Inc., Sprint Fidelis Leads Product Liability Litigation
MDL 1905
Panel Attorney Service List

Daniel E. Becnel, Jr., Esq.
BECNEL LAW FIRM LLC
106 W. Seventh Street
PO Drawer H
Reserve, LA 70084

Daniel E. Gustafson, Esq.
GUSTAFSON GLUEK PLLC
608 Second Avenue South
725 Northstar East
Minneapolis, MN 55402

Richard A. Lockridge, Esq.
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401-2179

John F. Nevares
JOHN F. NEVARES & ASSOCIATES PSC
VIG Building, Suite 1504
1225 Ponce de Leon Avenue
San Juan, PR 00908-3667

Jose F. Quetglas, Esq.
QUETGLAS LAW OFFICE
PO Box 16606
San Juan, PR 00908-6606

Silvija A. Strikis, Esq.
KELLOGG HUBER HANSEN TODD EVANS & FIGEL PLLC
1615 M Street, N.W.
Suite 400
Washington, DC 20036-3209

Herbert L. Zarov, Esq.
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 07-22764-CIV-HUCK/SIMONTON

JOHN NORTH, individually and on behalf
of all others similarly situated,

      Plaintiff,

vs.

MEDTRONIC, INC.,
MEDTRONIC PUERTO RICO, INC.,
and MEDTRONIC PUERTO RICO
OPERATIONS CO.,

      Defendants.

_____/

## ORDER GRANTING MOTION TO STAY

THIS CAUSE is before the Court upon Defendant Medtronic, Inc.'s Motion to Stay All Proceedings Until After a Decision by the Joint Panel on Multidistrict Litigation on Pending Motion for Transfer, filed November 9, 2007 [D.E. #5]. For the reasons stated in open court at the December 6, 2007 hearing, it is hereby

ORDERED AND ADJUDGED that the Motion is GRANTED.

DONE and ORDERED in Chambers at Miami, Florida this December 6, 2007.

                              _____
                              Paul C. Huck
                              United States District Judge

**Copies furnished to:**
All Counsel of Record

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 07-22768-CIV-UNGARO

EUGENE CLASBY, individually and on behalf
of all others similarly situated,
     Plaintiff,

vs.

MEDTRONIC, INC., MEDTRONIC PUERTO RICO,
INC., and MEDTRONIC PUERTO RICO
OPERATIONS CO.,
     Defendants.

_____/

## ORDER STAYING PROCEEDINGS

THIS CAUSE came before the Court upon Defendant Medtronic Inc.'s Motion to Stay
Proceedings and Continue the Court's Order Setting Initial Planning and Scheduling Conference as
Well as All Other Deadlines Pending in this Action Until After A Decision By the Joint Panel on
Multidistrict Litigation on Pending Motions for Transfer, filed November 9, 2007. (D.E. 7.)
Plaintiff filed a Response on November 30, 2007. (D.E. 17.)

THE COURT has considered the Motion and the pertinent portions of the record, and being
otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED that the Motion to Stay is GRANTED. Within 30 days, the
parties shall file a notice to the Court, informing the Court on the status of the pending motions to
transfer.

DONE AND ORDERED in Chambers at Miami, Florida, this 7th day of December, 2007.

                                     _Ursula Ungaro_

                                     URSULA UNGARO
                                     UNITED STATES DISTRICT JUDGE

copies provided:
Counsel of Record

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-81056-CIV-MARRA/JOHNSON

DOUG VENNING, on behalf of himself
and all others similarly situated,

      Plaintiff,

vs.

MEDTRONIC, INC., MEDTRONIC PUERTO
RICO, INC., and MEDTRONIC PUERTO RICO
OPERATIONS CO.,

      Defendants.

_____/

## ORDER

      This cause is before the Court upon Defendants' Unopposed Motion to Stay All Proceedings Until After a Decision by the Judicial Panel on Multidistrict Litigation on Pending Motions for Transfer [DE 9], filed December 7, 2007. The Court has carefully examined the notice and is otherwise fully advised in the premises.

      Defendants inform the Court that several plaintiffs, including the Plaintiff in this case, have filed papers with the Judicial Panel on Multidistrict Litigation seeking transfer of all of the Sprint Fidelis cases to a single district court for consolidated or coordinated treatment. (Def. Mot. 2-3.) .

      Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

      1)     Defendants' Unopposed Motion to Stay All Proceedings Until After a Decision by the Judicial Panel on Multidistrict Litigation on Pending Motions for Transfer

[DE 9] is **GRANTED**.

2)    The clerk shall **ADMINISTRATIVELY CLOSE** this case.  Should this case not

be transferred to a Multidistrict Litigation Panel, either party may petition this

Court to re-open the case.

2)    All pending motions are **DENIED AS MOOT WITHOUT PREJUDICE.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 10th day of December 2007.

KENNETH A. MARRA
United States District Judge

Copies to:

All counsel of record

EXHIBIT E

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

HARVEY LEE CONWAY, JR., JOHN PAUL
MILLER, and CHARLES PETERSON, JR. on
behalf of themselves and all others similarly
situated,

Case No.: 0:07-cv-4270-PAM-JSM

                    Plaintiffs,

        vs.

**STIPULATION FOR CONTINUANCE OF
COURT'S DEADLINES**

MEDTRONIC, INC.; MEDTRONIC PUERTO
RICO, INC. and MEDTRONIC PUERTO RICO
OPERATIONS CO.,

                    Defendants.

Plaintiffs Harvey Lee Conway, Jr., John Paul Miller, and Charles Peterson, Jr., on behalf of themselves and all others similarly situated (hereinafter "Plaintiffs"), and defendants Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co. (hereinafter "Medtronic"), by and through their undersigned counsel, hereby stipulate as follows:

All scheduled hearings and all pending deadlines for filing of an answer and/or responsive pleadings and service of discovery or automatic disclosures under Rule 26 of the Federal Rules of Civil Procedure shall be stayed until after the Joint Panel on Multidistrict Litigation rules on the pending motions seeking to transfer to a single federal district court all of the cases that have been filed in federal courts nationwide against Medtronic that relate to the alleged implantation of Sprint Fidelis cardiac-defibrillator leads manufactured and sold by Medtronic.

Dated: November __, 2007               Respectfully Submitted,

                                       **BOWMAN AND BROOKE LLP**

                                       By:    s/ George W. Soule

                                            George W. Soule (#103664)
                                            Melissa R. Stull (#387060)
                                            150 South Fifth Street, Suite 3000
                                            Minneapolis, MN 55402
                                            george.soule@bowmanandbrooke.com
                                            melissa.stull@bowmanandbrooke.com
                                            Tel: 612.339.8682
                                            Fax: 612.339.3200

                                            and

                                            Philip S. Beck
                                            Bartlit Beck Herman Palenchar & Scott LLP
                                            Courthouse Place
                                            54 West Hubbard Street, Suite 300
                                            Chicago, IL 60610
                                            philip.beck@bartlit-beck.com
                                            Tel: 312.494.4411
                                            Fax: 312.494.4440

                                       **ATTORNEYS FOR DEFENDANTS**


Dated: November 5, 2007                Respectfully Submitted,

                                       **LOCKRIDGE GRINDAL NAUEN P.L.L.P**

                                       By:

                                            Richard A. Lockridge (64117)
                                            Robert K. Shelquist (02130X)
                                            Yvonne M. Flaherty (267600)
                                            100 Washington Avenue South, Suite 2200
                                            Minneapolis, MN 55401-2197
                                            Tel: 612.339.6900
                                            Fax: 612.339.0981

                                       **ATTORNEYS FOR PLAINTIFFS**

2

# EXHIBIT F

12-6Medtronic (2).txt

1

1           UNITED STATES DISTRICT COURT

2           SOUTHERN DISTRICT OF FLORIDA

3              CASE NO. 07-22764-CV-PCH

4

5  JOHN NORTH,

6         et al

7              Plaintiffs

8         vs.

9  MEDTRONIC, INC.

10  MEDTRONIC PUERTO RICO, INC.

11  MEDTRONIC PUERTO RICO OPERATIONS

12  COMPANY,

13     Defendants

14                    - - -

15              HEARING HELD 12-6-07

16         BEFORE THE HONORABLE PAUL C. HUCK

17                    - - -

18

19  APPEARANCES:

20  FOR THE PLAINTIFFS:

21  WENDY FLEISHMAN, ESQ.

22  SARAH CLASBY, ESQ.

23  HOWARD BUSHMAN, ESQ.

24  SETH LESSER, ESQ.

25

2

1  FOR THE DEFENDANTS:

2  DANIEL RING, ESQ.

Page 1

12-6Medtronic (2).txt

3    NANCY STEWIG, ESQ.

4

5    REPORTED BY:

6    PATRICIA SANDERS, RPR

7    OFFICIAL COURT REPORTER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                                                    3

1            THE COURT:  Good morning.  Please be seated. We're here in

2    North versus Medtronic, Inc.

3            Counsel, may I have appearances, first for the plaintiffs'

4    side.

5            MS. FLEISHMAN:  Wendy Fleishman for the plaintiffs. I am

6    here from New York. Thank you for allowing me to appear here today.

7            THE COURT:  You didn't have to come all the way down for
                                    Page 2

12-6Medtronic (2).txt

8    this, but it's nice to have you.  I think I told everyone they could

9    appear by phone.

10        MS. CLASBY:  Sarah Clasby, Harke and Clasby, along with my

11   partner Howard Bushman on behalf of plaintiff John North.

12        MR. RING:  Daniel Ring, Mayer Brown, for Medtronic Inc.,

13   Medtronic Puerto Rico Inc. And Medtronic Puerto Rico Operations

14   Company.

15        MS. STEWIG: Nancy Stewig on behalf of Medtronic Inc and

16   Medtronic Puerto Rico Operations Company.

17        THE COURT:  I understand one person is going to join us by

18   phone -- speak of the Devil. Who do I have on the line, please.

19        MR. LESSER:  This is Seth Lesser, also for plaintiff.

20        THE COURT:  Welcome again to those of you who traveled to

21   be here. I initially had this scheduled as a telephonic hearing.

22   I'm afraid this will be somewhat anticlimactic.

23        I did not expect to have much argument.  Both sides have

24   done a very fine job with regard to their memoranda. I did see that

25   a reply brief was filed last night.  It was handed to me a couple

                                                            4

1    minutes ago. I have not had the opportunity to review it. I don't

2    think it's of any significance. The bottomline is I am going to

3    grant the motion to stay.

4        I think, frankly, it got me to look at the file a little

5    more carefully. I did review the exhibits that have been filed. I

6    think there's a chance this Court may be selected by the MDL Panel

7    to ultimately have this case for trial. I am not campaigning for

8    that obviously.

9        I did see somewhere that Mr. North had suggested the cases

10   should all be transferred to the Southern District of Florida. I

11   don't know what the position has been of some of the other

                                Page 3

12-6Medtronic (2).txt
12   plaintiffs.

13        I assume everyone wants to take their best shot at the

14   place they think is the best Court for them. A couple things were

15   interesting in reviewing the filings.

16        One of which is the plaintiff's notice of filing MDL

17   pleadings.  Specifically among the various documents that are

18   attached to that, Exhibit One is the motion of plaintiff John North

19   for joinder in the motion of Frederick Santitoro and Richard Kinney.

20        There are two things I thought were interesting.  One of

21   the statements made by Mr. North, as well as the other two

22   plaintiffs, in seeking transfer are the ones I think argued

23   persuasively that this case should be stayed.

24        They make the same argument the defendants make with regard

25   to judicial economy, efficiency consistency and those sorts of

                                                              5

1    things. My normal practice is to allow some time for the Panel to

2    decide whether to cast this as a MDL matter and then to select a

3    venue for it. I don't think a slight delay is going to make any real

4    significant difference.

5         So it seems to me all parties -- both sides are in

6    agreement, it makes sense to have one Court handle it, whatever

7    Court that may be. I think we should wait until that determination

8    is made.

9         There is one thing about the motion Mr. North filed that

10   causes me some concern. I am assuming it's just an inadvertence.

11   Page four of Exhibit Two, which is the memorandum of law in support

12   of North's motion for joinder in the other plaintiffs' motion to

13   transfer.

14        On page four North makes this representation. After talking

15   about why this -- the Southern District of Florida is the most

16   appropriate -- there are at least five actions currently pending in

                              Page 4

12-6Medtronic (2).txt

17    this district -- I think there are now six.

18              Before I got this memo I checked them out to see which one

19    was the lowest number and to see the status of the cases before this

20    issue even came up.

21              The statement that causes me some concern is the following:

22    This is the second paragraph on page four. Moreover, through their

23    supervision of the four actions now pending the Judges in the

24    Southern District of Florida have already become familiar with the

25    issues involved in this litigation and therefore are in a good

                                                                            6

1     position to supervise it in a just and -- to a just and expeditious

2     conclusion and citing cases suggesting that this Court has kind of a

3     head-start on the other and might be a better choice than someone

4     that is further behind.

5              I don't think that's the case.  I have looked at every

6     docket in every case that was filed, at least as of two days ago,

7     and there's no Judge in the Southern District of Florida that has

8     done anything to familiarize themselves with the issues from what I

9     can tell.

10              I certainly have not, other than to deal with the motion to

11    stay and to look at the complaint.  I think it would be appropriate

12    to file an amended memorandum indicating that's not correct.

13              MS. FLEISHMAN:  We will do that, Your Honor. Just to

14    clarify, Judge Ungaro has issued a scheduling order.  At the time

15    this was written that scheduling order --

16              THE COURT:  I have taken that into account. That is not, as

17    far as I am concerned, familiarizing yourself with the issues.

18              MS. FLEISHMAN:  We will correct the record.

19              THE COURT:  I am familiar with what the Judges do here. I

20    know some Judges have scheduling orders. I don't. I do know I move

                                 Page 5

12-6Medtronic (2).txt

21    my cases probably along at least as promptly as other Judges.

22         And all I have done is dealt with the motion to stay. Some

23    of the others have not even done that. There's nothing other than a

24    pro forma order to set up a scheduling conference or some such

25    thing.

                                                                      7

1          There's nothing to suggest that any Judge in this district

2     has familiarized him or herself with the issues in this case. The

3     only one that has done anything significant is the Judge in Puerto

4     Rico, and he has decided he is going to wait to see what the Panel

5     does.

6          MS. FLEISHMAN: Your Honor, Judge Ingleby issued an order of

7     preservation and asked the parties -- so that it meets certain

8     issues that Medtronic Inc has raised. Judge Ingleby has done that.

9          THE COURT:  Well he has done a little bit more than anyone

10    else, particularly in this district.

11         MS. FLEISHMAN:  Your Honor, I don't know if you are going

12    to permit some argument --

13         THE COURT:  I had not planned on it.

14         MS. FLEISHMAN: There are certain issues we would like the

15    Court to address. Without a stay we can address them. One would be

16    the order of preservation.  If we get a unified order of

17    preservation --

18         THE COURT:  Let me stop you.  No one has asked for that.

19         MS. FLEISHMAN:  If the stay were not granted that would be

20    something we would raise --

21         THE COURT:  Let me tell you, a stay is going to be granted.

22    This is no different than the other MDL cases I have dealt with. I

23    will let the Panel determine if it's appropriately MDL and see where

24    it can best be handled. They usually do it in a pretty prompt

25    manner.

                              Page 6

12-6Medtronic (2).txt

8

1        I don't see any reason to treat this case any differently
2   than any other. If it comes back here so be it.  If it is going to
3   Puerto Rico, California that will be that Panel's decision. I don't
4   think there's anything else I need to hear at this time.
5        MS. FLEISHMAN:  Those were just the issues we wanted to
6   address. We wanted to do some immediate discovery on the injunctive
7   relief issue.  That was the other issue we wanted to raise by way of
8   oral argument.
9        THE COURT:  I may not have the case. Odds are I won't have
10  the case.  There are so many cases out there. If you go by sheer
11  numbers someone else may have it.
12       I don't think anyone is going to go out and change the
13  landscape of discovery and the documents between now and whenever
14  the Panel has selected whatever Court to handle all these cases. I
15  think it's pretty clear -- obviously I can't speak for the Panel. I
16  am fairly confident they will find this to be appropriate for MDL
17  category.
18       MS. FLEISHMAN:  No doubt this will be.               *
19       THE COURT:  If I eventually have this case I am sure you
20  probably know -- Mr. Clasby has told you I am sure that I move my
21  cases sufficiently so that you will not be languishing -- assuming
22  the parties do their job.  I will certainly do mine.
23       It's interesting part of the support for the Southern
24  District was our case load profile. I don't look at this until the
25  lawyers bring it to my attention.

9

1        I think it's kind of interesting that the Southern District
2   of Florida seems to have a pretty good record in disposition of

Page 7

12-6Medtronic (2).txt
3    cases both civil and criminal. I am glad to see that.

4         I see we're only number seven. So I guess there are six in

5    the civil arena that do a little better than we do. So I guess this

6    goes under the category of no good deed goes unpunished.

7         All right.  Is there anything else?

8         MS. FLEISHMAN: No, Your Honor.

9         THE COURT:  That's why I had this scheduled for telephonic

10   conference. I appreciate you coming down. It really was not

11   necessary for you to come down. Maybe we will see you again. Gives

12   me the opportunity to put faces with names. Have a good trip back.

13                        HEARING CONCLUDED

14

15

16

17

18

19

20

21

22

23

24

25


                                                                    10

1                     C E R T I F I C A T E

2

3

4         I hereby certify that the foregoing is an accurate

5    transcription of proceedings in the above-entitled matter.

6

7                          Page 8

12-6Medtronic (2).txt

```
 8
 9    _____                    _____
10    DATE FILED                     PATRICIA SANDERS, RPR
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```